Porto Rico Fertilizer Co., demandante y apelada, *v.* A. Pérez & Hermano, demandada y apelante.

No. 3743.—*Visto:* Diciembre 16, 1925. *Resuelto:* Febrero 9, 1926.

1. Apelación y Error—Revisión—Discreción de la Corte Inferior—Cuestiones Sobre la Admisión de Pruebas—Asientos Regulares de Libros de Hojas Sueltas.—En este caso se admitió como prueba un asiento regular hecho en un libro mayor de hojas sueltas, cuyo asiento se identificó por una persona que, además de no tener conocimiento personal de la transacción, no fué la persona que verificó el asiento. *Se resolvió:* que teniendo las cortes cierta discreción en tales asuntos, apreciadas las circunstancias de este caso y la prueba *aliunde* relacionada con la transacción, no existe tal abuso de discreción que justifique la revocación de la sentencia apelada.

2. Apelación y Error—Revisión—Cuestiones de Hecho, Veredicto y Conclusiones—Apreciación de las Pruebas—Conclusiones Sobre las Mismas.— Cuando la prueba en conjunto deja mucho que desear—sujeta a fuertes dudas—y no ha incurrido la corte inferior en error, bien en los hechos declarados probados o en sus conclusiones basadas en los mismos, debe confirmarse la sentencia apelada.

Sentencia de *Pablo Berga,* J. (Humacao), declarando con lugar la demanda, con costas. *Confirmada.*

*Pereyó Quiñones & Pereyó, Jr.,* abogados de la apelante; *González Fagundo & González, Jr.,* abogados de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

A la sentencia dictada por la corte inferior en este caso a favor de la demandante sirvieron de fundamento las siguientes conclusiones:

"Y por el resultado de la prueba practicada estima la Corte demostrado que con fecha 15 de enero de 1923, la demandante vendió a la demandada 10 toneladas de abono para cañas de azúcar, o sea 100 sacos de a 200 libras cada uno, por el precio de $580.00; que dicho abono fué despachado en San Juan, consignado a la Central

Pasto Viejo, Inc., Humacao, para entregar a la demandada, y remitido por la goleta 'Bruja', cuyo capitán lo era don Gonzalo Carrillo, que llegó al puerto de Humacao el 29 de enero de 1923, y lo descargó en el muelle de don Antonio Roig; que el referido abono fué recogido por el consignatario Central Pasto Viejo, Inc., de quien la demandada es colono, y lo transportó a las colonias de dicha demandada, habiendo la Central Pasto Viejo, Inc., en 15 de marzo de 1923, rendido factura a los señores A. Pérez & Hermano, por anconaje y conducción a sus colonias de los mencionados 100 sacos de abono, la cual factura fué incluída en el estado de cuenta que ellos aceptaron de conformidad en 30 de junio de 1923 y pagaron; que la demandada no ha pagado a la demandante el importe del abono vendido, ni las cantidades pagadas por seguro marítimo, contribuciones y flete del abono, ascendentes a $6.75, $2.00 y $20.00, respectivamente, a pesar de ser debidas y de haber sido requerida para ello por el Sr. Reed presidente y gerente general de la referida compañía.

"En la demanda se alega que hubo un convenio expreso para el pago de intereses, a razón del 8% anual, y en la cuenta se carga la suma de $47.10 por ese concepto, pero no hay prueba del alegado convenio sobre intereses, no siendo suficiente el mero cargo de los mismos en la cuenta, y por tanto, debe eliminarse esa suma de la reclamación."

La apelante en su alegato alega que la corte inferior cometió los siguientes errores:

"1º.—La Corte erró, al aceptar como prueba la factura del 15 de enero del año 1924.

"2º.—La Corte erró al aceptar como prueba la hoja No. 136 de un libro en que se dice aparece la cuenta de A. Pérez y Hermano, en los libros de la Corporación Porto Rico Fertilizer Company.

"3º.—La Corte erró al aceptar como prueba un documento como conocimiento de embarque firmado por el testigo Gonzalo Carrillo.

"4º.—La Corte cometió error, abusando erróneamente de su discreción judicial, al apreciar la prueba y dictar una sentencia no de acuerdo con la misma."

[1] La página del libro mayor de hojas sueltas y el estado o memorándum a que se hace referencia en los párrafos primero y segundo citados en último término fueron identificados por el presidente y gerente general de la cor-

poración demandante como el asiento original y comprobante hecho y conservado en la forma usual de los negocios de tal corporación. Este testigo admitió, sin embargo, que no tenía ningún conocimiento personal de la transacción y que en la fecha en que tuvo ésta lugar él no estaba en la Isla de Puerto Rico, ni relacionado en forma alguna o interesado en la Porto Rico Fertilizer Co. Pero también manifestó que el tenedor de libros que practicó tal asiento original no era en la fecha del juicio empleado de la demandante.

Debe admitirse que ésta no fué una demostración muy satisfactoria en cuanto a la imposibilidad de conseguir como testigo al anterior tenedor de libros, y la mejor práctica hubiera sido excluir la prueba.

Sin embargo, la corte tenía cierta discreción en el asunto. 3 Wigmore, sección 1530, págs. 276–78. Y en el presente caso, apreciadas todas las circunstancias, especialmente la prueba *aliunde* en cuanto al embarque y entrega del artículo, no vemos que haya habido tal abuso de discreción que justifique la revocación de la sentencia apelada sólo por ese fundamento.

"En vista del desenvolvimiento en los tiempos modernos del sistema de usar libros de cuenta compuestos de hojas sueltas, parece claro que las hojas de tales libros deben ser admisibles (competent) en evidencia, y así se les consideran." 22 C. J. 7870, Sec. 1045.

Véanse también los casos de *Lamas y Méndez* v. *Betancourt,* 16 D.P.R. 280, y *Porto Rican American Tobacco Co.* v. *Canel,* 32 D.P.R. 553.

Mientras el capitán de la "Bruja" declaraba como testigo, tuvo lugar el siguiente incidente:

"Mire a ver, ¿qué es esto?—El conocimiento del embarque.

"Y esto de aquí ¿es su firma?—Sí, señor.

"Vamos a utilizar el documento en evidencia.

"Licdo. Pereyó: Con nuestra oposición, porque esto es *self-serving evidence* y no puede ser admitido como prueba.

"Licdo. González: Entiendo que *self-serving evidence* es un documento preparado por el demandado, o por el demandante, pero no

por una embarcación, o por la persona encargada de conducir esas mercancías.

"Hon. Juez: La Corte admite el documento para ilustrar la declaración del testigo y lo marca 'Exhibit No. 3.'

"Licdo. Pereyó: Tomo excepción."

La apelante no cita autoridad alguna ya para demostrar que la prueba para beneficio propio (*self-serving evidence*), como tal, es inadmisible, o que un conocimiento firmado por el capitán de una goleta es tal prueba cuando se ofrece en una controversia entre el remitente y el consignatario.

[2] La cuarta proposición en que se funda la apelante es algo más meritoria.   La prueba en conjunto deja mucho que desear.   Si la corte de distrito hubiera dictado sentencia a favor de la .demandada, la demandante hubiera tenido poca razón para quejarse.

Esto, sin embargo, sería consecuencia de la pobreza del caso *prima facie* como ha sido presentado por la demandante más que de cualquier demostración satisfactoria por parte de los demandados.

La prueba de ambas partes estaba sujeta a fuertes dudas y el peso de la misma recaía en la demandante, pero no podemos decir que la corte incurrió en error bien en los hechos declarados probados o en sus conclusiones basadas en los mismos.

*Debe confirmarse la sentencia apelada.*