HATO REY STATIONERY, INC., demandante y recurrido, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandado y recurrente.

*Número:* RE-86-609 *Resuelto:* 23 de junio de 1987

130

*Rafael Ortiz Carrión, Procurador General,* e *Iván F. Fuster, Procurador General Auxiliar,* abogados del recurrente; *Reynaldo J. Salas Soler,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

Debemos resolver en este caso si son admisibles —bajo la excepción a la norma general de exclusión de prueba de referencia que provee la Regla 65(F) de Evidencia, 32 L.P.R.A. Ap. IV— ciertos récords de negocio admitidos por el tribunal de instancia como prueba de una deuda, aunque

el custodio del escrito no declaró sobre la identidad y método de preparación de los mismos. Por las razones que pasamos a exponer, revocamos al tribunal de instancia.

## I

Hato Rey Stationery, Inc., corporación que se dedica a la venta de materiales escolares y efectos de oficina, instó acción civil en cobro de dinero contra el Estado Libre Asociado de Puerto Rico. Reclamó en dicha demanda la cantidad de $147,085 por concepto de materiales escolares vendidos a crédito al Departamento de Instrucción Pública de Puerto Rico, y entregados en distintas regiones escolares del país. El Estado contestó la demanda, aceptó que debía cierta cantidad, pero negó la totalidad de la reclamación.

Como parte del descubrimiento de prueba, las partes celebraron una reunión en las oficinas centrales del recurrente, ocasión que dio piè para el intercambio de parte de la evidencia documental de este caso, a saber, varios libros que relacionaban la deuda reclamada, así como fotocopias de facturas y "conduces". En dicha ocasión el Departamento de Instrucción se comprometió a llevar a cabo una abarcadora auditoría interna, en sus propios libros, destinada a identificar las facturas en controversia y a verificar aquellas instancias en las que en efecto "el Departamento ... se [hubiera] beneficiado de la mercancía", a pesar de que en algunas compras objeto de la actual controversia se hubiesen soslayado los procedimientos reglamentarios.

Posteriormente, los funcionarios del Departamento auditaron también los récords del negocio en poder del recurrido. El análisis reflejó la existencia de "conduces" y facturas por la suma reclamada y, además, que casi todos los "conduces" habían sido firmados por un receptor o funcionario debidamente acreditado por el Departamento. Confrontadas las fotocopias con los correspondientes

originales se comprobó, sin embargo, que alrededor de un 85 por ciento de éstos carecían de fecha, que un 10 por ciento de las facturas reclamadas aparecían debidamente pagadas y que varias firmas que aparecían en dichas facturas correspondían a funcionarios del Departamento de Instrucción que estaban siendo procesados o investigados criminalmente por conducta impropia en el manejo de este tipo de transacción. Para suplir la ausencia de fechas en las facturas en controversia, el recurrido ofreció en evidencia un listado de los asientos de un libro denominado "subsidiario cuentas a cobrar — gobierno".

El propósito del listado era establecer la fecha exacta en aquellas facturas y "conduces" que no la tenían. Sin embargo, un análisis efectuado por el Departamento de Instrucción Pública reveló que todas las facturas no se encontraban en el listado y que no se podía establecer el momento en que se entregó la mercancía, o cuándo se registró la transacción. Aunque todos estos hallazgos fueron estipulados en el informe sobre conferencia preliminar entre abogados, el Departamento de Instrucción cuestionó la admisibilidad de gran parte de las facturas por las razones explicadas anteriormente.

Así las cosas, el honorable tribunal de instancia procedió a señalar la conferencia con antelación al juicio, celebrada la cual, ordenó el pago de $4,408.44 por no existir controversia sobre las facturas que evidenciaban esta porción de la deuda. Concedió término a las partes para que sometieran estipulaciones adicionales y memorandos de derecho. En esa ocasión el Estado cuestionó la admisibilidad del listado porque era imposible verificar el origen de las fechas consignadas en el mismo y por lo tanto quedaba incumplido el segundo requisito que establece la Regla 65(F) de Evidencia, *supra*, es decir, que el documento o ré-cord sea hecho en o próximo al momento del acto, condición o suceso a que se refiere. En su memorando al tribunal,

el Estado planteó "que la ineficiencia en el sistema de contabilidad de la empresa demandante es de tal magnitud que prácticamente hace inexistente los r[e]cord[s] del negocio. Es decir, no se le puede colocar la etiqueta de récord del negocio a un documento, con el único y exclusivo propósito de hacerlo admisible en evidencia. ... Lo importante no es qui[é]n prepara el récord o el nombre que se le da,. sino la forma en que es preparado y mantenido". *Exhibit* VI, pág. 31. El tribunal a quo dictó sentencia sin recibir prueba adicional y resolvió que la ausencia de fecha en las facturas había sido razonablemente subsanada con la presentación en evidencia del libro "subsidiario".

A solicitud del recurrente Estado Libre Asociado, mediante orden de mostrar causa, revisamos.

## II

A la parte que exige el cumplimiento de una obligación incumbe la prueba de su existencia, y la de su extinción a la que la opone, Art. 1168 del Código Civil, 31 L.P.R.A. sec. 3261, con arreglo a las normas que regulan la admisibilidad de la prueba en nuestros tribunales de justicia. Regla 1 de Evidencia, 32 L.P.R.A. Ap. IV.(1)

La controversia inmediata en este caso trata sobre la admisibilidad en evidencia de ciertas facturas y un listado proveniente de los libros de contabilidad presentados por la parte recurrida para probar una deuda. Con las facturas y "conduces" la recurrida quiere probar el hecho de la entrega de un material escolar en determinado lugar y tiempo. El Estado expresó que era necesario en el presente caso hacer un cuidadoso análisis de la confiabilidad de las

---

(1) El Código Civil también contiene normas legales de prueba en sus Arts. 1168-1205 (31 L.P.R.A. secs. 3261-3344) o "prueba de las obligaciones". Se regula, entre otros asuntos, el valor probatorio de los documentos públicos y privados.

facturas que carecían de fecha. La parte recurrida alegó, por su parte, que a solicitud expresa de los funcionarios del Departamento de Instrucción Pública, no se fijaron fechas exactas en algunas facturas con el propósito de que dicha agencia pudiera pagarlas a tenor con las asignaciones periódicas de fondos. No obstante, sometió un listado de cuentas pendientes, con fechas que correspondían al registro de sus records de negocio. Alegó que cada transacción era habitualmente registrada según la mercancía se despachaba. Con la presentación de estos libros, la parte recurrida pretendía suplir la omisión de un hecho importante en la factura: la fecha de la entrega.(2) La tesis central del recurrente es que en el caso de autos resulta necesario que el tribunal reciba prueba sobre la identidad y método de preparación de dichas facturas, así como del procedimiento utilizado por la recurrida para practicar los asientos en sus libros. Le asiste la razón.

## III

Tanto la "factura" como los libros de comercio son importantes medios de prueba de las obligaciones. L. Muñoz Sabaté, *La prueba de la prestación mercantil*, Barcelona, Ed. Hispano Europa, 1974, págs. 69, 131. Como dijimos, en el presente caso se ofrecen para probar *hechos*

---

(2) La figura de la *factura mercantil* no está expresamente regulada por nuestro Código de Comercio. En esencia se trata de un documento privado que suele "representar a la vez la aceptación del contrato por parte del vendedor y el principio de la ejecución, que se acredita con el envío de la factura". J. M. Martínez Val, *Derecho Mercantil*, Barcelona, Ed. Bosch, 1979, pág. 446; J. Garrigues, *Curso de Derecho Mercantil*, 7ma ed., Madrid, Ed. Aguirre, 1979, Vol. II, pág. 27. La teoría pide que las facturas contengan los siguientes requisitos esenciales: "lugar y *fecha*; cantidad, calidad, peso, número o medida de las mercancías, precio (o manera de determinarlo), tiempo, lugar y modo de pago". (Énfasis nuestro.) E. Langle Rubio, *Derecho Mercantil Español*, Barcelona, Ed. Bosch, 1959, Vol. III, pág. 99.

de los que derivan alegadamente unas deudas. En estricta teoría probatoria, se trata de declaraciones extrajudiciales escritas que se introducen como prueba de la verdad de su contenido, es decir, que la mercancía se entregó en la *fecha* y lugar que se alega. Por lo tanto, lo manifestado es prueba de referencia, Regla 60 de Evidencia, 32 L.P.R.A. Ap. IV,[3] inadmisible a menos que esté contemplado en alguna de las excepciones a la regla general de exclusión. Regla 61 de Evidencia, 32 L.P.R.A. Ap. IV.[4]

■ Este tipo de declaraciones, sin embargo, es generalmente admisible bajo la excepción que provee nuestra Regla 65(F) de Evidencia:

> (F) *R[e]cords del negocio o actividad:* Un escrito hecho como récord de un acto, condición o evento si el escrito fue hecho durante el curso regular de un negocio, en o próximo al momento del acto, condición o evento, y el custodio de dicho escrito u otro testigo declara sobre su identidad y el método de su preparación, siempre que las fuentes de información, método y momento de su preparación fueran tales que indiquen su confiabilidad. El término "negocio" incluye además de negocio propiamente, una actividad gubernamental, profesión, ocupación, vocación u operación de instituciones, ya sea con o sin fines pecuniarios. 32 L.P.R.A. Ap. IV, R. 65(F).

---

[3] *"Regla 60. Definiciones*
"Se adoptan las siguientes definiciones relativas a pruebas de referencia:
"(A) *Declaración*: Una 'declaración' es (1) una aseveración oral o escrita; o (2) conducta no verbalizada de la persona, si su intención es que se tome como una aseveración.
"(B) *Declarante*: 'Declarante' es la persona que hace una declaración.
"(C) *Prueba de referencia*: 'Prueba de referencia' es una declaración aparte de la que hace el declarante al testificar en el juicio o vista, que se ofrece en evidencia para probar la verdad de lo aseverado."
[4] *"Regla 61. Regla general de exclusión*
"Salvo que por ley se disponga otra cosa, no será admisible prueba de referencia sino de conformidad con lo dispuesto en este Capítulo. Esta regla se denominará 'regla de prueba de referencia'."

■ Los fundamentos de esta excepción, como los de otras muchas excepciones a la regla de exclusión de prueba de referencia, descansan en razones de necesidad, confiabilidad y en criterios de experiencia condensados a lo largo de muchos años.(5)

Abona al elemento de la confiabilidad, primero, el propio incentivo que tiene el comerciante en la veracidad de sus records. La contabilidad es absolutamente indispensable al

---

(5) Para una historia de la evolución de la excepción, que se remonta al siglo 17 en Inglaterra, consúltense: 5 *Wigmore, Evidence* Sec. 1518 (Chadbourn Rev. 1974); C. B. Whittier, *Account Books in California*, 14 Calif. L. Rev. 263 (1926); G. J. Laikin, *Suggested Revision of Wisconsin Statutes Pertaining to the Shop Book Rule and Regular Entry Doctrine*, 18 Marq. L. Rev. 173 (1934); J. A. Metz, Jr., *An Inquiry Into the Effect of Pennsylvania's Recent Adoption of the Uniform Business Records as Evidence Act*, 6 U. Pitt. L. Rev. 9 (1939); Spark, *We Need a Regular Business Entries Statute*, 14 Ga. B. J. 7 (1951); Brown, *The Shopbook Rule in Massachusetts*, 8 Law Soc. J. 26 (1938); R. Ray, *Business Records—A Proposed Rule of Admissibility*, 5 Sw. L.J. 33 (1951); J. Ginsburg, *The Admissibility of Business Records in Evidence*, 29 Neb. L. Rev. 60 (1949); Green, *Business Entries as Evidence*, 16 Ga. B. J. 383 (1954); Green, *Decisions Under the Georgia Business Records Act of 1952*, 21 Ga. B. J. 211 (1958); J. Winston Huff, *The New Georgia Business Entries Act*, 4 Mercer L. Rev. 313 (1953); N. C. Skogstad y H. Koppa, *Admissibility of Business Entries*, 1958 Wis. L. Rev. 245 (1958); F. D. Emerson, *Business Entries: Their Status Under the Uniform Rules and Present Law*, 26 U. Cin. L. Rev. 591 (1957); C. Laughlin, *Business Entries and the Like*, 46 Iowa L. Rev. 276 (1961); A. N. Polasky y F. R. Paulson, *Business Entries*, 4 Utah L. Rev. 327 (1955); G. J. Norville, *The Uniform Business Records as Evidence Act*, 27 Or. L. Rev. 188 (1948); T. Green, Jr., *The Model and Uniform Statutes Relating to Business Entries as Evidence*, 31 Tul. L. Rev. 49 (1956); T. E. Lauer, *Business Records as Evidence in Missouri*, 1964 Wash. U.L.Q. 24 (1964); Savikas, *Business Records and Public Records Under Illinois Law and the New Federal Rules of Evidence*, 57 Chi. B. Rec. 238 (1976); Greenberg, *Introduction of Documentary Evidence Under the New Federal Rules of Evidence*, 9 Clearinghouse Rev. 1 (1975); P. D. Halligan, *Exceptional Business Hearsay—A Transactional Analysis of Illinois Supreme Court Rule 236*, 24 De Paul L. Rev. 633 (1975); Nota, *Evidence—Another Complication in Oregon's Business Records Exception to the Hearsay Rule: State v. Harvey*, 59 Or. L. Rev. 143 (1980); Nota, *Trial Court Discretion to Exclude Opinions and Diagnoses Otherwise Admissible Under the Business Records Hearsay Exception*, 32 Okla. L. Rev. 500 (1979). Casos recientes: *Evidence—Evaluative Reports within Business Records—A Confrontation Problem*, 43 Mo. L. Rev. 763 (1978); 4 N. Ky. L. Rev. 407 (1977); 9 U.C. Davis L. Rev. 147 (1976); Nota, *The Hearsay Rule and the Business Entries Exception*, 26 Baylor L. Rev. 700 (1974).

comerciante moderno. Sólo anotando en sus libros de forma precisa las operaciones que realiza, puede éste conocer exactamente la situación económica del negocio. Segundo, la regularidad y rutina con que se practica este tipo de asiento y el progresivo desarrollo y organización de la vida mercantil, garantizan la confiabilidad de estas anotaciones. Por último, el tráfico comercial se realiza en serie; unos actos van encadenados a otros. En estas circunstancias no resulta factible requerir la comparecencia del informante y de todos los que de una u otra manera intervienen en la cadena de información conducente al asiento en los records de negocio. 4 *Louisell-Mueller, Federal Evidence* Sec. 446, págs. 646-647 (1980).

■ El texto de la Regla 65(F), *supra,* contempla cuatro supuestos sensiblemente distintos: (1) que el escrito o récord haya sido hecho durante el curso regular del negocio; (2) que haya sido hecho en o próximo al momento del acto, condición o suceso a que se refiere el récord; (3) *que el custodio del escrito o récord, o algún otro testigo, declare sobre su identidad y método de preparación,* y (4) que las fuentes de información, método y momento de la preparación del récord sean tales que indiquen su confiabilidad.

■ Nuestra Regla 65(F), *supra,* tiene dos fuentes de inspiración inmediatas; la Regla 803(6) de Evidencia federal[6] y las Secs. 1270 y 1271 del Código de Evidencia

[6] *"(6) Records of regularly conducted activity*
"A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes

de California.[7] E. L. Chiesa, *Práctica Procesal Puertorri-queña, Evidencia*, San Juan, Pubs. J.T.S., 1985, Vol. I, pág. 394; véase, también, *Primer examen de las Reglas de Evidencia de 1979*, Secretariado de la Conferencia Judicial, diciembre de 1986. A primera vista, la importancia teórica del tercer requisito es muy clara dentro de la estructura de la regla. Como norma general, dicho testimonio es esencial para determinar la confiabilidad del récord, satisfacer el requisito usual de autenticación como condición previa a la admisibilidad de la prueba, Regla 75 de Evidencia, 32 L.P.R.A. Ap. IV, R. 75,[8] y para probar la existencia de una práctica de negocio continua y regular.

■ Según se desprende del lenguaje explícito de la regla, antes de que pueda admitirse un documento en evidencia es necesario sentar adecuadamente las bases para su admisión. Más aún, ésta dispone la forma específica de sentar las bases: se requiere el testimonio de un testigo cualificado que declare sobre los tres requisitos adicionales

---

business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit." Fed. Rules Evid. Rule 803(6), 28 U.S.C.

[7] "*Sec. 1270. 'A business'*. As used in this article, 'a business' includes every kind of business, governmental activity, profession, occupation, calling, or operation of institutions, whether carried on for profit or not.

"*Sec. 1271. Business record*. Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered to prove the act, condition, or event if:

"(a) The writing was made in the regular course of a business;

"(b) The writing was made at or near the time of the act, condition, or event;

"(c) The custodian or other qualified witness testifies to its identity and the mode of its preparation; and

"(d) The sources of information and method and time of preparation were such as to indicate its trustworthiness." West's Ann. Evid. Code Secs. 1270–1271.

[8] "*Regla 75. Requisito de autenticación e identificación*

"El requisito de autenticación o identificación como una condición previa a la admisibilidad se satisface con la presentación de evidencia suficiente para sostener una determinación de que la materia en cuestión es lo que el proponente sostiene." 32 L.P.R.A. Ap. IV, R. 75.

que la norma exige como condición a la admisibilidad del récord de negocio. *Louisell-Mueller, op. cit.* pág. 662.

Históricamente, sólo cuando el "legislador" mediante procedimientos legales especiales ha simplificado el método usual de autenticación y los requisitos de admisibilidad tradicionales, ha sido posible prescindir del tercer requisito.([9])

En California, fuera del procedimiento especial que provee la Sec. 1561 de su Código de Evidencia, la jurisprudencia y la doctrina tradicional han favorecido un riguroso cumplimiento con el requisito del testimonio del custodio o algún otro testigo con conocimiento.([10]) Véase un caso reciente, *In re. Shannon C.*, 224 Cal. Rptr. 516, 521 n. 10 (Cal. App. 3 Dist. 1986).

En la esfera federal, por otra parte, existe jurisprudencia([11]) que ha resuelto que el testimonio del custodio no constituye un requisito de admisibilidad sine qua non en el caso poco frecuente en que las condiciones puedan satisfacerse mediante evidencia documental, declaraciones juradas o admisiones de las partes. En suma, por medio de evidencia circunstancial o combinación de evidencia

---

([9]) Véanse, por ejemplo: 43 Iowa Code Ann. Sec. 622.28; Wisconsin Statutes Annotated Sec. 908.03(6m)(a); Cal. Evid. Code Sec. 1561; "[no] testimony is necessary if the records are accompanied by an affidavit alleging most of the foundational facts for the business record exception". K. Scott, *California's Dormant Hearsay Exception: Section 1200(b) of the Evidence Code*, 23 Santa Clara L. Rev. 157, 175 (1983); D. Binder, *Hearsay Handbook*, 2da ed., Colorado, Ed. McGraw-Hill, 1983, pág. 161.

([10]) Excepto un precedente de dudoso entronque, *People* v. *Dorsey*, 118 Cal. Rptr. 362, 367 (Cal. App. 5 Dist. 1974), que resolvió que los requisitos para la admisibilidad de un récord bajo las Secs. 1270 y 1271 "se pueden deducir de las circunstancias". Esta solución ha sido vivamente criticada por el tratadista Jefferson en *California Evidence Benchbook*, pág. 88 (Sup. 1978).

([11]) Binder la considera "poco ortodoxa" en *Hearsay Handbook, op. cit.*, pág. 161.

directa y circunstancial.([12]) Véanse: *Zenith Radio Corp.* v. *Matsushita Elec. Ind. Co.*, 505 F. Supp. 1190, 1233–1236 (D.C. Pa. 1980); *In re Japanese Electronic Products*, 723 F.2d 238, 288 (3er Cir. 1983); *United States* v. *Mendel*, 746 F.2d 155, 166 (2do Cir. 1984); *White Industries* v. *Cessna Aircraft Co.*, 611 F. Supp. 1049, 1060 (D.C. M. 1985); *United States* v. *Flom*, 558 F.2d 1179, 1182 (5to Cir. 1977); véanse, también: 4 *Weinstein-Berger, Weinstein's Evidence* 803-178, 803-179 (1985); S. Saltzburg y K. Redden, *Federal Rules of Evidence Manual*, 2da ed., Virginia, The Michie Company, 1982, pág. 599.

Sin embargo, aun esta jurisprudencia minoritaria requiere "que para cumplir con esta obligación, [sentar adecuadamente las bases para la admisión de un récord de negocio al amparo de la versión equivalente de nuestra regla] los demandantes, en ausencia de un 'custodio u otro testigo cualificado' [demuestren] en una forma precisa y explícita la existencia de una práctica continua y regular, ya sea por medio de evidencia externa o mediante los documentos mismos y las circunstancias que los rodean". (Traducción nuestra.) *Zenith Radio Corp.* v. *Matsushita Elec. Ind. Co.*, supra, pág. 1236.

Una vez examinado el marco doctrinal, y en ausencia de argumento de peso, no vemos por qué debamos contradecir el claro tenor de nuestra Regla 65(F), *supra*. Los propósitos, naturaleza, historia y ubicación de la misma

---

([12]) Bajo otras coyunturas históricas y legales resolvimos que era admisible un asiento regular en un libro de comercio, aunque el asiento *se identificó* por una persona que no tenía conocimiento personal de la transacción ni fue la persona que verificó el asiento. Llegamos a expresar también que "*apreciadas todas las circunstancias, especialmente la prueba aliunde ... no vemos que haya habido tal abuso de discreción*". (Énfasis suplido.) *Porto Rico Fertilizer Co.* v. *A. Pérez & Hno.*, 35 D.P.R. 46, 48 (1926); véanse, también: *El Pueblo* v. *Géigel*, 28 D.P.R. 679 (1920); *Freiría Hnos. & Cía.* v. *Nogueras*, 41 D.P.R. 159 (1930); *The Porto Rican American Tobacco Co.* v. *Canel*, 32 D.P.R. 553 (1923); *Lamas y Méndez* v. *Betancourt*, 16 D.P.R. 280 (1910).

142

inclinan pesadamente la balanza a favor de requerir fielmente la presencia del custodio en el tribunal.([13])

 Entre los factores que gravitan sobre el análisis de la confiabilidad del récord están: (1) si la información recopilada es importante para el negocio en cuestión fuera del contexto litigioso en el que se ofrece, *Coates* v. *Johnson & Johnson*, 756 F.2d 524, 549–550 (7mo Cir. 1985); *Selig* v. *United States*, 740 F.2d 572, 578 (7mo Cir. 1984); *Matador Drilling Co.* v. *Post*, 662 F.2d 1190, 1198–1199 (5to Cir. 1981); (2) si el récord contiene información fáctica relativamente simple y no evaluaciones o conclusiones, *United States* v. *Hyde*, 448 F.2d 815, 846 (5to Cir. 1971); (3) si la persona que transmite la información y la persona que practica el asiento (que pueden ser personas distintas) son independientes de las partes en el pleito, *Campbell* v. *Nordco Products*, 629 F.2d 1258, 1264–1265 (7mo Cir. 1980); (4) si la información está corroborada por evidencia independiente, *United States* v. *Cincotta*, 689 F.2d 238, 243 (1er Cir. 1982); *United States* v. *Wigerman*, 549 F.2d 1192, 1193–1194 (8vo Cir. 1977); (5) si el registro se prepara por una persona con experiencia, *American Intern. Pictures* v. *Price Enterprises*, 636 F.2d 933, 935 (4to Cir. 1980); *United States* v. *Licavoli*, 604 F.2d 613, 622–623 (9no Cir. 1979) y, si se verificó la exactitud del mismo, *cf. Lloyd* v. *Professional Realty Services, Inc.*, 734 F.2d 1428, 1433 n. 13 (11mo Cir. 1984); *cf. Matter of Ollag Const. Equipment Corp.*, 665 F.2d 43, 46 (2do Cir. 1981); *E.C. Ernst, Inc.* v. *Koppers Co., Inc.*, 626 F.2d 324, 331 (3er Cir. 1980).

---

([13]) Si la prueba gozara de suficientes garantías circunstanciales de confiabilidad, pero no fuere admisible bajo la excepción del récord de negocio, por no poder declarar un testigo con conocimiento sobre su identidad y método de preparación, la Regla 65(W) de Evidencia brinda, con sus exigencias adicionales de previa notificación y mayor valor probatorio, un remedio adecuado. 32 L.P.R.A. Ap. IV, R. 65(W).

■ De conformidad con los criterios que preceden, concluimos que en el caso de autos están ausentes las circunstancias de confiabilidad "interna" de los documentos que permiten, aun si aceptáramos la doctrina del caso de *Zenith Radio Corp.* v. *Matsushita Elec. Ind. Co.*, supra, prescindir del testimonio del custodio u otro testigo. Existen dudas acerca del momento en que se registraron las facturas carentes de fecha. No hay, fuera del "listado" que presentó la recurrida, otra documentación relacionada con la preparación del escrito o prueba que corrobore dichos asientos. Este momento es esencial para la confiabilidad de las declaraciones contenidas en el escrito; "[a] mayor tiempo transcurrido entre el suceso y la preparación del escrito o asiento, mayor probabilidad de inexactitud". Chiesa, *op. cit.*, pág. 400.

■ La admisión de la *autenticidad* de gran parte de las facturas durante el descubrimiento de prueba, véase la Regla 76(G) de Evidencia,[14] no supera el problema que aquéllas confrontan bajo los principios generales de *prueba de referencia*.[15] En otras palabras, las firmas de los receptores en los documentos de recibo, que la recurrente admitió que eran autorizadas, en nada altera la realidad de que estamos ante una declaración extrajudicial cuyo propósito es probar que se entregó cierto material escolar fungible *en determinado tiempo*, sin que el documento que lo evidencia tenga una fecha. Esta situación coloca al deudor en posición de cuestionar la admisibilidad de la prueba, *bajo*

---

[14] *"(G) Autenticación mediante admisión:* Un escrito u otro material puede ser autenticado mediante evidencia de que la parte contra quien se ofrece admitió su autenticidad en cualquier momento, o mediante evidencia de que ha sido aceptado como auténtico por la parte contra la cual se ofrece." 32 L.P.R.A. Ap. IV, R. 76(G).

[15] La conferencia preliminar al juicio persigue justamente, entre otros fines, obtener la admisión de autenticidad de documentos. Véase la Regla 37.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

144

*fundamentos distintos a los de su legitimidad*, ya que no puede comprobar, entre extremos, si la deuda está prescrita o ya fue pagada.(16) De los autos surge que el Estado objetó oportunamente por estos fundamentos. El caso ante nos no presenta un problema de autenticidad de las facturas y conduces, sino uno de precisión, exactitud, o confiabilidad de lo expresado en el escrito de referencia, y por ende, de credibilidad del declarante fuera de corte. Para una distinción de conceptos, véase, *In re Japanese Electronic Products*, supra, págs. 238, 284–289.

Precisamente los *hechos particulares* del presente caso hacen que el "listado", por sí solo, resulte insuficiente para suplir la ausencia de fechas en las facturas en controversia. Aunque contiene el número de factura y una fecha correspondiente, no se puede establecer, en ausencia del testimonio del custodio, si las fechas que aparecen allí consignadas corresponden al momento en que se entregó la mercancía, al instante en que se hizo la transacción, que se registró, o a cualquier otra ocasión. Normalmente, la fuente primaria de una entrada o anotación en un libro de contabilidad es el original del documento que evidencia la transacción. En estas circunstancias, es necesaria una explicación detallada de las particularidades que hacen del subsidiario de cuentas a cobrar *un récord en el curso regular del negocio*. Además, ¿por qué el documento que evidencia la deuda, la factura, no tiene fecha, y la anotación de la transacción sí la posee? ¿De dónde se tomaron dichas fechas? Tampoco sabemos si el registro está preparado por una persona con experiencia o si se verificó su exactitud. En

_____

(16) De hecho, el recurrente mediante una búsqueda al azar encontró que alrededor de un diez (10%) por ciento de las facturas sometidas habían sido pagadas, es decir, *ni la propia demandante al momento de radicar la demanda pudo establecer la cantidad exacta que debía la parte demandada*. Hato Rey Stationery admitió que las relaciones comerciales con el Departamento duraron mucho tiempo y que los materiales escolares fueron comprados en diferentes años.

resumen, bajo los hechos del caso, resultaba necesario, a los fines de que el tribunal evaluara la confiabilidad y por ende admisibilidad del "listado", la celebración de una vista en la que recibiera prueba del custodio o cualquier otro testigo con conocimiento en torno a la forma y al momento de su preparación.

Por las consideraciones expuestas, *se expedirá el auto, se revocará la sentencia dictada y se devolverá el caso a instancia para procedimientos ulteriores compatibles con esta opinión.*

El Juez Asociado Señor Rebollo López emitió opinión disidente a la que se une el Juez Asociado Señor Ortiz. El Juez Asociado Señor Negrón García disiente por estimar que conforme los hechos expuestos en la parte I de la opinión disidente del Juez Asociado Señor Rebollo López, resulta improcedente el argumento central del Estado que sostiene la inadmisibilidad de la prueba documental en que basó el foro de instancia su dictamen.

—O—

Opinión disidente emitida por el Juez Asociado Señor Rebollo López a la cual se une el Juez Asociado Señor Ortiz.

El establecimiento de normas de derecho que sirvan de guía a los tribunales de instancia y a la profesión legal en general es una de las funciones más importantes de un tribunal apelativo. Dichas normas, sin embargo, deben ser elaboradas y promulgadas en relación con unos hechos que no sólo sean apropiados sino que estén en controversia. En otras palabras, no deben establecerse normas de derecho en el vacío. Al hacer caso omiso a los hechos específicos ante su consideración el tribunal apelativo no sólo se enfrasca

en un ejercicio teórico estéril sino que —como en el presente caso— al abordar el navío erróneo arriba al puerto equivocado.

Dados los hechos particulares del presente caso, y por los fundamentos que a continuación expondremos, resulta evidente que no le son aplicables al mismo las disposiciones de la Regla 65(F) de Evidencia, 32 L.P.R.A. Ap. IV. El innecesario análisis que hace la opinión mayoritaria sobre la aplicabilidad de la citada regla y, por ende, la errónea aplicación al presente caso de la doctrina elaborada causa que el resultado del mismo sea erróneo.

I

Los hechos que dan lugar al presente recurso son extremadamente sencillos. La demandante recurrida es una corporación establecida al amparo de las leyes del Estado Libre Asociado de Puerto Rico, la cual se dedica a la venta de materiales escolares y de efectos de oficina. Dicha corporación radicó una demanda —sobre cobro de dinero— contra el Estado Libre Asociado de Puerto Rico en la cual alegó, en síntesis y en lo pertinente, que le había suplido material escolar y de oficina al Departamento de Instrucción Pública del Estado Libre Asociado de Puerto Rico por una suma de dinero allí especificada, habiéndose negado el Estado a satisfacer la misma.[1] El demandado, en la contestación a la demanda que radicara, aceptó deber "cierta cantidad de dinero a la Hato Rey Stationery, Inc.", pero negó deber "la cantidad reclamada en la demanda". Debe señalarse el hecho que el Estado *no* planteó en su contestación la defensa afirmativa de prescripción.

---

[1]Se alegó, en adición, que la suma de dinero reclamada era líquida y exigible, la cual el demandado se había negado a pagar a pesar de los requerimientos extrajudiciales a esos efectos.

Las partes se reunieron extrajudicialmente con el propósito de zanjar sus diferencias. Procede que se enfatice que funcionarios del Departamento de Instrucción Pública *verificaron* y *auditaron* tanto los records de la parte demandante —puestos a su disposición voluntariamente por dicha parte— como los records del propio Departamento. Por otro lado, los abogados de las partes *acordaron* —según ello surge de una carta suscrita por el abogado de la División de Litigios Generales del Departamento de Justicia de Puerto Rico dirigida a la Sra. Awilda Aponte Roque, Secretaria del referido Departamento— que:

> ... a tenor con la *Opinión del Secretario de Justicia de 2 de mayo de 1985* y dirigida a usted, a[u]n cuando en algunas de las compras objeto de la actual deuda hubiesen soslayado algunos procedimientos reglamentarios, *si realmente el Departamento de Instrucción se había beneficiado de la mercancía, se aceptaría que se debe la cantidad correspondiente.* ... (Énfasis suplido.) *Exhibit* C, pág. 1.

En virtud de ello, se *sometió* el caso ante el Tribunal Superior de Puerto Rico, Sala de San Juan, a base de la siguiente estipulación:

IV—ESTIPULACIONES DE LAS PARTES

*Las partes han de someter el presente caso a la consideración del Tribunal, mediante las siguientes estipulaciones de hechos*:

(1) La existencia de conduces y facturas por la suma de $147,085.00.

(2) *Que todos y cada uno de los conduces han sido firmados por un receptor o funcionario debidamente acreditado por el Departamento de Instrucción Pública de Puerto Rico,* excepto una mínima cantidad que aparece sin firmar.

(3) *Que el propósito del conduce firmado, es reconocer el recibo de mercancía vendida al Departamento de Instrucción Pública.*

(4) *Que todas las firmas que aparecen en los conduces o facturas, son de funcionarios del Departamento de Instrucción Pú[blica] y se ha verificado su autenticidad.*

(5) Que la parte demandada reconoce que hay conduces que cumplen con todos los requisitos que le permiten realizar el pago inmediatamente, porque los mismos contienen fecha exacta de la deuda y aparecen firmados por un funcionario de la Agencia.

(6) Que los conduces cuyo pago está en controversia es por motivo de lo siguiente:

a. Que no tienen fecha cierta

b. Que han sido firmados por personas que se encuentran bajo investigación del Departamento de Justicia de Puerto Rico y/o se encuentran procesadas por delitos relacionados contra el Departamento de Instrucción Pública

c. Porque no se pueden corroborar si se han pagado

d. Porque algunas de las facturas reclamadas como parte de la totalidad, aparecen pagadas, aproximadamente 10%.

(7) Que luego de revisar todos los comprobantes de pago del Departamento de Instrucción Pública, en relación al demandante desde el año 1975 al presente, se ha encontrado que de casi todas las facturas sometidas por esta parte, *no hay evidencia de pago con relación a las mismas.*

(8) Que el Departamento de Instrucción Pública, no tiene en sus archivos, documentos y/o información que le permita establecer la fecha cierta de aquellas facturas o conduces que no tienen fecha.

(9) La parte demandante le ha sometido a la parte demandada, un listado, en adición a las facturas, con el propósito de establecer la fecha en aquellas facturas y conduces que no la tienen. En dicho listado, se desglosan algunas facturas por mes y año, y otras por día, mes y año.

(10) Las partes han establecido ordenar el caso mediante la clasificación de regiones educativas. Esto es así debido a que la deuda cubre varias regiones de distritos escolares y se trata aquí de material educativo.

(11) Las estipulaciones específicas, relacionadas a la Región Educativa de Ponce, son las siguientes:

a. La suma reclamada asciende a $42,995.00

b. El Departamento de Instrucción Pública ha realizado pagos por la suma de $4,641.00

c. El Departamento de Instrucción Pública ha realizado ajustes por la suma de $1,845.00

d. Existe una cantidad sin pagar neta, de $36,459.00. De dicha cantidad el Departamento de Instrucción Pública, acepta pagar inmediatamente la suma de $4,808.44

(12) En la suma de $31,650.56, los conduces y/o facturas no tienen fecha. *Sin embargo, las mismas están debidamente firmadas por un funcionario autorizado del Departamento de Instrucción Pública.*

(13) De la suma antes mencionada, $11,081.00 corresponde a 22 conduces que fueron firmados por los empleados Orlando González y Juan Rodríguez, los cuales se encuentran bajo investigación del Departamento de Justicia, por supuestamente haber cometido irregularidades en este tipo de transacción.

(14) Las partes esperan que al hacer el análisis de las regiones, se dé este mismo patrón. De no seguir este mismo patrón, las partes harán los ajustes correspondientes. Se hace claro que en cuanto a la controversia medular del caso, no esperamos ningún cambio.

V—CONTROVERSIA

La única controversia que existe entre las partes es, *que la parte demandada alega* que la evidencia de deuda consiste en conduces y facturas, que no son admisibles en evidencia como prueba de la existencia de la deuda. (Énfasis suplido.)(2) *Exhibit* E, págs. 2–4.

El tribunal de instancia —expresando que no tenía duda alguna de que "el Departamento de Instrucción Pública, efectivamente recibió y se benefició del material escolar" a él vendido y que el demandado no tenía evidencia para probar que había pagado— declaró con lugar la demanda radicada. En su consecuencia, condenó al Estado a pagarle al demandante la suma de dinero reclamada relativa a la mercancía *recibida,* según los conduces, por empleados del Departamento de Instrucción sobre la cual el Estado no tenía evidencia de pago.

---

(2)La referida estipulación consta en el Informe sobre Conferencia Preliminar entre Abogados, el cual fue aprobado por el tribunal de instancia.

Inconforme, el Estado acudió en revisión ante este Tribunal imputándole error al tribunal de instancia al admitir en evidencia, bajo las disposiciones de la Regla 65(F) de Evidencia, *supra*, las facturas y conduces antes mencionados "sin antes proceder a celebrar una vista en la cual el custodio de dichas facturas o cualquiera otra persona *declarara en torno a la identidad y preparación de las mismas al efecto de establecer la confiabilidad para la admisión en evidencia de las facturas en cuestión*". (Énfasis suplido.) El 18 de diciembre de 1986 este Tribunal emitió resolución concediéndole término a la parte demandante para que mostrara causa por la cual no se debía expedir el auto solicitado y dictar sentencia revocatoria de la emitida por el foro de instancia.([3]) La parte recurrida compareció. Somos del criterio que procede la confirmación de la sentencia recurrida.

## II

El Tribunal —olvidándose de los hechos particulares y específicos del presente caso, los cuales surgen con meridiana claridad de la estipulación a base de la cual las partes sometieron el caso— se embarca en un análisis fútil e innecesario de la Regla 65(F) de Evidencia, *supra*, para el Tribunal General de Justicia. El lamentable error en que incurre una mayoría de los integrantes del Tribunal consiste en que analizan el caso como si se tratara de una situación en que una parte, al amparo de las disposiciones de la citada Regla 65(F), pretende probar la veracidad u ocurrencia de unas transacciones que surgen de unos libros de récord, en cuya situación, no hay duda, se le exige a dicha parte que demuestre que: (1) el récord o escrito fue hecho durante el curso regular de un negocio, (2) en o próximo al momento

---

([3]) El Juez suscribiente no participó en la reunión del Pleno del Tribunal —por encontrarse ausente de la misma— en que se emitió la referida resolución.

del acto, condición o evento, y (3) traiga al custodio del documento u otro testigo a declarar sobre su identidad y el método de preparación, todo ello con el propósito de probar la "confiabilidad" de los mismos.

*Desafortunadamente, la mayoría del Tribunal no se percata de que en el presente caso el derecho aplicable es otro.* En primer lugar, debe recordarse que aun cuando los conduces no tienen fecha, los mismos contienen la firma de empleados del Departamento de Instrucción, personas autorizadas a recibir mercancía a nombre de dicho Departamento y la autenticidad de cuyas firmas fue estipulada. Sus firmas, conforme la estipulación de las partes, son indicativas de que el Departamento efectiva-mente recibió la mercancía a que se hace alusión en las facturas y de conformidad con lo en ellas expresado. En segundo lugar, es un hecho igualmente estipulado por las partes que en relación con dichas facturas, el Departamento no tiene evidencia alguna de que las mismas hayan sido pagadas. *Dicho en palabras más sencillas, estamos frente a una parte que ha estipulado que ha recibido una mercancía por la cual no ha pagado.* Ante esos hechos, ¿es aplicable lo dispuesto en la citada Regla 65(F) de Evidencia? La contestación en la negativa resulta ser obvia. Ello es así por cuanto, llana y sencillamente, nos encontramos ante una "aceptación o confesión de deuda" por parte del demandado Estado Libre Asociado de Puerto Rico.

Resulta evidente que las disposiciones legales aplicables al presente caso lo son, *en términos generales*, los Arts. 1334 y 1351 del Código Civil de Puerto Rico, 31 L.P.R.A. secs. 3741 y 3811, y, *en forma específica*, los Arts. 1185 y 1186 del citado Código Civil, 31 L.P.R.A. secs. 3291 y 3292, y la Regla 62 de las citadas Reglas de Evidencia, 32 L.P.R.A. Ap. IV.

Como es sabido, dispone nuestro Código Civil en el citado Art. 1334 que por "el contrato de compra y venta uno de

los contratantes se obliga a entregar una cosa determinada y el otro a pagar por ella un precio cierto, en dinero o signo que lo represente". Por su parte, el citado Art. 1351 establece, en lo pertinente, que se "entenderá entregada la cosa vendida cuando se ponga en poder y posesión del comprador".

Conforme los hechos específicos del presente caso, la parte demandante recurrida se obligó *y entregó* la mercancía objeto del contrato a la parte demandada. La prueba de que el demandante en este caso entregó la mercancía, repetimos, surge de la firma de los empleados de la parte demandada —cuya autenticidad se acepta— *firma que representa,* según la estipulación núm. 3 de las partes, *el reconocimiento o aceptación de que el Departamento de Instrucción efectivamente recibió la mercancía objeto del contrato entre las partes.*

Claramente estamos ante la presencia de una admisión o confesión de parte. Nos informa el citado Art. 1185 del Código Civil, *supra,* en lo pertinente, que la "confesión puede hacerse judicial o extrajudicialmente". Por otro lado, el mencionado Art. 1186 del Código Civil, *supra,* establece, en lo pertinente, que la "confesión hace prueba contra su autor".

Constituyendo los conduces en controversia una "admisión o confesión" de parte del demandado de que efectivamente había recibido la mercancía suministrada por la demandante, los mismos son admisibles en evidencia al amparo de las disposiciones de la Regla 62, inciso (D), de las citadas Reglas de Evidencia, la cual establece que:

*Regla 62. Admisiones*

Es admisible como excepción a la regla de prueba de referencia una declaración ofrecida contra una parte si la declaración:

. . . . . . . .

(D) es hecha por el agente empleado de dicha parte referente a una materia dentro del ámbito de la agencia o empleo, durante la existencia de la relación, o ... . [4]

Esto es, las firmas de los empleados o agentes autorizados que aparecen en los conduces, conforme la estipulación realizada, son por definición declaraciones extrajudiciales *escritas* del demandado que se ofrecen en evidencia contra éste para probar que recibió la mercancía. Véase la Regla 60 de Evidencia, 32 L.P.R.A. Ap. IV. En resumen, habiendo realizado el vendedor la prestación pactada en el contrato de compra y venta de mercancía, esto es, la entrega de la misma, surgió por parte del comprador su obligación de realizar la contraprestación pactada: el pago de dicha mercancía. Habiéndose estipulado por el Estado que no contaba con evidencia de pago respecto a dicha mercancía —recayendo sobre sus hombros el peso de dicha prueba— resulta patente que no erró el tribunal de instancia al dictar sentencia declarando con lugar la demanda en cobro de dinero radicada.

Por último —y aun cuando no resulta realmente necesario hacerlo— debemos señalar que el argumento de la mayoría del Tribunal a los efectos de que, bajo los hechos particulares del presente caso, la ausencia de fecha en los conduces impide que la parte demandada pueda probar que la reclamación del demandante "está prescrita o ya fue pagada" resulta ser completamente erróneo. En cuanto al punto del pago, ya hemos visto que el Estado estipuló que no contaba con evidencia para demostrarlo. En relación a la prescripción, se olvida el Tribunal del *hecho específico* que dicha *defensa afirmativa* no fue levantada por el Estado en la contestación a la demanda que radicara. Como es de

---

[4] Véase E. L. Chiesa, *Práctica Procesal Puertorriqueña, Evidencia*, San Juan, Pubs. J.T.S., 1985, Vol. 1, págs. 299-302.

todos conocido, dicha defensa al no ser planteada oportunamente se entiende renunciada. Véanse: Reglas 6.3 y 10.2 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III).

Por las razones antes expresadas, y aun cuando bajo fundamentos distintos, confirmaríamos la sentencia recurrida.