ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| BILLY RIVERA JIMÉNEZ, MARÍA J. GORDILLO VARGAS Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Apelantes<br><br>v.<br><br>ISLAND FINANCE, LLC; ISLAND FINANCE AGENCY, LLC; ASEGURADORAS A, B; ASEGURADORAS C, D<br><br>Apelados | KLAN202400038 | Apelación procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil Núm.: BY2019CV06648<br><br>Sobre: Despido Injustificado (Ley Núm. 80) |

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico a 8 de mayo de 2024.

Comparece la parte demandante apelante, Billy Rivera Jiménez (en adelante, "señor Rivera Jiménez" o "Apelante") mediante recurso de *Apelación* y solicita la revisión de la *Sentencia* dictada el 22 de noviembre de 2023 y notificada el 27 del mismo mes y año por el Tribunal de Primera Instancia, Sala de Bayamón (en adelante, "TPI"). Mediante el referido dictamen, el TPI declaró Ha Lugar una solicitud de sentencia sumaria instada por Island Finance, LLC (en adelante, "Island Finance" o "Apelado") y ordenó la desestimación con perjuicio de la demanda.

Por otro lado, el apelante solicita la revisión de la *Resolución* emitida y notificada el 13 de diciembre de 2023 por el TPI. Mediante el referido dictamen, el foro apelado declaró No Ha Lugar la solicitud de determinaciones de hechos adicionales presentada por el señor Rivera Jiménez.

Número Identificador

SEN2024_____

Por los fundamentos que expondremos a continuación, se *Confirman* los dictámenes apelados.

**I.**

El señor Rivera Jiménez comenzó a trabajar en Santander Financial, posteriormente adquirido por Island Finance, en el 1995. El 20 de septiembre de 2019, el apelante fue despedido de su empleo por su patrono Island Finance. Al momento del despido, ocupaba el puesto de Gerente "Senior" en la sucursal de Bayamón Drive In.

El 13 de noviembre de 2019, el señor Rivera Jiménez, María J. Gordillo Vargas (en adelante, señora Gordillo Vargas") y la Sociedad Legal de Gananciales (en adelante, "SLG") compuesta por ambos presentaron una *Demanda* en contra de su antiguo patrono, Island Finance, sobre despido injustificado, al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, conocida como *Ley Sobre Despidos Injustificados* (en adelante, "Ley 80-1976"), 29 LPRA sec. 185a *et seq.* Subsiguientemente, presentó una *Demanda Enmendada* el 5 de diciembre de 2019, a los efectos de enmendar el cómputo de la mesada.

El foro primario emitió una *Sentencia Parcial* el 12 de mayo de 2020, mediante la cual declaró Ha Lugar una solicitud de desestimación parcial instada por Island Finance y desestimó con perjuicio la acción presentada por la señora Gordillo Vargas y la SLG. Resolvió que la acción al amparo de la Ley 80-1976 es una personalísima y solo le corresponde reclamarla al empleado.

Luego de varios trámites procesales, que no son necesarios pormenorizar, el 30 de agosto de 2023, Island Finance presentó una *Moción de Solicitud de Sentencia Sumaria.* En síntesis, argumentó que el despido del señor Rivera Jiménez estuvo justificado debido a actos de hostigamiento sexual cometidos por el señor Rivera Jiménez en contra de Manuel Ginés (en adelante,

"señor Ginés"), empleado de Island Finance. Añadió que, conforme a las Normas Generales de Conducta y Trabajo que forman parte del Manual de Empleados, el incurrir en un cúmulo de cuatro (4) faltas a las normas del Manual en un periodo de dieciocho (18) meses o menos resultaría en el despido del empleado.

Island Finance sostuvo que, al recibir una queja de hostigamiento sexual en contra del señor Rivera Jiménez, condujo una investigación y esta demostró que el apelante incurrió en los actos alegados por el empleado quejoso. Particularmente, la investigación encontró que el apelante enviaba fotos y videos de índole sexual a otro empleado del apelado, lo cual provocó un ambiente hostil en el empleo. Por todo lo cual, arguyó que el despido fue justificado, conforme dispone la Ley 80-1976.

El 5 de octubre de 2023, el señor Rivera Jiménez presentó su *Oposición a Solicitud Sumaria.* La oposición del apelante se basó en que, la solicitud de sentencia sumaria descansó en una declaración jurada que contiene prueba de referencia. Además, sostuvo que los mensajes enviados al otro empleado ocurrieron fuera de horas laborables y en el contexto de amistad que guardaba con el empleado, por ende, no podía considerarse hostigamiento sexual en el empleo.

El TPI emitió Sentencia el 22 de noviembre de 2023, notificada el 27 de noviembre de 2023, mediante la cual declaró Ha Lugar la solicitud de sentencia sumaria instada por Island Finance y desestimó con perjuicio la *Demanda* presentada por el señor Rivera Jiménez. En resumidas cuentas, el foro de instancia concluyó que el despido fue justificado, como consecuencia de las reiteradas violaciones por el apelante al manual de normas de comportamiento del apelado. El foro primario señaló que el Manual de Empleados expresamente establecía que de un empleado incurrir en un cúmulo de cuatro (4) faltas a cualquiera de sus

normas dentro del periodo de dieciocho (18) meses o menos procedería su despido. Asimismo, concluyó que, con anterioridad a la queja del señor Ginés, y dentro de los dieciocho (18) meses anteriores al despido, el señor Rivera Jiménez ya había sido objeto de tres (3) acciones disciplinarias.

Por otro lado, el TPI determinó que en la *Oposición a Solicitud de Sentencia Sumaria* el apelante no hizo referencia a prueba admisible alguna para refutar la presentada por los apelados. Por el contrario, concluyó que, el señor Rivera Jiménez se limitó a una discusión genérica de los hechos, incumpliendo con los requisitos establecidos por las Reglas de Procedimiento Civil.

Por último, sobre la supuesta prueba de referencia presentada por Island Finance, el foro primario sostuvo que, de una lectura de la otra prueba documental sometida como parte de la solicitud de sentencia sumaria, se podía determinar que no existía controversia respecto a la investigación realizada por Island Finance. En otras palabras, la prueba de referencia no era necesaria para sostener sus determinaciones de hechos.

Inconforme, el 12 de diciembre de 2023, el señor Rivera Jiménez presentó una *Solicitud de Reconsideración y Determinaciones de Hechos Adicionales*. En lo aquí pertinente, el apelante le solicitó al foro de instancia que realizara las siguientes determinaciones de hechos adicionales:

> 1. [E]l cuatro (4) de mayo de 2019 Sr. Ginés acudió a trabajar exhibiendo y mostrando sus tatuajes en violación a la política, normas y reglamentos de la Demandada; (Sobre esta violación se documentó con la Sra. Angie Lugo.
>
> e *[sic]*. [E]l ocho (8) de junio de 2019, se notificó una queja a la Sra. Virgen Mejías por una falta de respeto al demandante, lo cual constituía una insubordinación[.]
>
> 2. [E]n junio de 2019, fue amonestado verbalmente por agredir verbalmente a empleados de edad avanzada durante horas laborables; Esto fue enviado a la Sra. Virgen Mejías mediante reporte de incidencias[.]

3. [E]l uno (1) de agosto de 2019 fue transferido nuevamente de la Sucursal de Drive Inn Plaza a la Sucursal de Canton Mall en Bayamón; (Esa decisión la tomó la Sra. Virgen Mejías).

6 *[sic]*. El Sr. Billy Rivera amonestó al Sr. Ginés por el uso de su teléfono celular durante horas laborables, contrario a la política, normas y reglamentos del patrono, por lo cual se le amonestó verbalmente en varias ocasiones.

7 *[sic]*. El Sr. Billy Rivera y el Sr. Ginés eran amigos cuya amistad se había desarrollado por razón del empleo. Esta había surgido desde el año 2016 e incluso se extendía fuera del ámbito laboral.

8 *[sic]*. El Sr. Ginés y el Sr. Billy Rivera en el mes de junio de 2018 hasta el 1 de mayo de 2019 no trabajaron en la misma Sucursal[.]

9 *[sic]*. El Sr. Ginés acudió a trabajar exhibiendo y mostrando sus tatuajes en violación a la política, normas y reglamentos de la Demandada por lo que fue amonestado por el Sr. Rivera[.]

10 *[sic]*. El Sr. Ginés nunca manifestó molestia al Sr. Billy Rivera por mensaje de tipo alguno[.]

El TPI declaró No Ha Lugar la referida solicitud mediante *Resolución* el 13 de diciembre de 2023.

Insatisfecho aun, el 12 de enero de 2024, el señor Rivera Jiménez presentó un recurso de *Apelación* y solicitó la revisión de la *Sentencia* dictada el 22 de noviembre de 2023 y notificada el 27 de noviembre de 2023. El apelante realizó los siguientes señalamientos de error:

**Erró el Tribunal de Primera Instancia al dictar Sentencia Sumaria, y concluir que el compareciente no controvirtió la solicitud de sentencia sumaria conforme la Regla 36.6 de las de Procedimiento Civil, y al conceder dicho remedio a pesar de la existencia de controversias de hechos que son medulares que lo impedían.**

**Erró el Tribunal de Primera Instancia al conceder la Sentencia Sumaria, utilizando prueba de referencia bajo el fundamento de que se trataba de récord en curso ordinario de los negocios, contemplando la Regla 805 F de las de Evidencia.**

**Erró el Tribunal de Primera Instancia al resolver sumariamente que el despido del apelante fue uno justificado por alegadas violaciones de normas por conducta fuera de obras *[sic]* laborables.**

**Erró el Tribunal de Primera Instancia al declarar No Ha Lugar la solicitud de determinaciones de hechos adicionales, a pesar de que dichas propuestas de hechos surgían de las propias deposiciones utilizadas por ambas partes para presentar respectivas posiciones.**

El 12 de febrero de 2024, Island Finance presentó su alegato en oposición.

Perfeccionado el recurso y con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

El mecanismo de la *sentencia sumaria,* Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R.36, le permite al tribunal disponer de un caso sin llevar a cabo una vista en su fondo. *León Torres v. Rivera Lebrón,* 204 DPR 20, 41 (2020). Dicho mecanismo procesal, es un remedio discrecional; el cual tiene como fin, la solución justa, rápida y económica de controversias, en que lo único por dirimir sean controversias de derecho. *Rodríguez Méndez et al. v. Laser Eye Surgery*, 195 DPR 769, 785 (2016).

Según el aludido precepto reglamentario, el promovente de la sentencia sumaria deberá establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material. A su vez, el promovente deberá fundamentar su postura haciendo referencia con "indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos". Regla 36.3(a)(4) de Procedimiento Civil, *supra.*

Por su parte, el promovido tiene que refutar los hechos alegados, con prueba que controvierta la exposición de la parte que solicita la sentencia sumaria. *León Torres v. Rivera Lebrón, supra,* 44. Así pues, la parte deberá *contestar en forma tan detallada y*

*específica como lo haya hecho la parte promovente. De no hacerlo así, se dictará la sentencia sumaria en su contra si procede.* Regla 36.3 (c) de Procedimiento Civil, *supra*; *León Torres v. Rivera Lebrón,* supra, pág. 43. Así las cosas, la parte que se oponga a una solicitud de sentencia sumaria, no podrá descansar en las aseveraciones o negaciones consignadas en su alegación. Regla 36.3(c) de Procedimiento Civil, *supra*.

Es conocido que, como regla general, para derrotar una solicitud de sentencia sumaria la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente. *Ramos Pérez v. Univisión P.R., Inc.*, 178 DPR 200, 215 (2010). Específicamente, la Regla 36.5 de Procedimiento Civil, 32 LPRA Ap. V, R.36.5, establece que:

> [l]as declaraciones juradas para sostener u oponerse a la moción se basarán en el conocimiento personal del (de la) declarante. Contendrán aquellos hechos que serían admisibles en evidencia y demostrarán afirmativamente que el(la) declarante está cualificado(a) para testificar en cuanto a su contenido. 32 LPRA Ap. V, R.36.5; *Roldán Flores v. M. Cuebas*, et al., 199 DPR 664, 677-678 (2018).

Con respecto a la interpretación de la precitada Regla, nuestro Tribunal Supremo ha resuelto que *las declaraciones juradas que contienen solo conclusiones, sin hechos específicos que las apoyen, no tienen valor probatorio, siendo, por lo tanto, insuficientes para demostrar la existencia de lo que allí se concluye. Íd.*; *Ramos Pérez v. Univisión P.R., Inc.*, supra, pág. 216. Más allá de contener hechos específicos sobre los aspectos sustantivos del caso, la declaración debe incluir *hechos que establezcan que el declarante tiene conocimiento personal del asunto declarado. Roldán Flores v. Cuebas et al.*, supra.

Asimismo, al momento de resolver una moción de sentencia sumaria es necesario que el tribunal considere a fondo las

alegaciones de la demanda y las defensas presentadas. Ello, con el fin de establecer si existe controversia en cuanto a los hechos materiales o no. Por lo que, de existir dicha controversia, el tribunal no deberá declarar ha lugar una petición de sentencia sumaria. Además, cualquier duda habrá de resolverla en contra de la parte promovente. *Ramos Pérez v. Univisión, supra*, 217.

El Tribunal Supremo de Puerto Rico ha reiterado que, como regla general, no procede la sentencia sumaria en casos donde estén en controversia *elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad es esencial y está en disputa. Ramos Pérez v. Univisión*, supra, pág. 219. Tampoco procede emitir sentencia sumariamente cuando: (1) existan hechos materiales controvertidos (2) hay alegaciones afirmativas en la demanda que no han sido refutadas (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material o (4) como cuestión de derecho no procede. *Vera Morales v. Bravo*, 161 DPR 308, 333-334 (2004).

Como al momento de revisar las solicitudes de sentencia sumaria, estamos en la misma posición que el foro primario; nuestra última instancia apelativa ha establecido que la revisión será de *novo,* limitándose a solo considerar los documentos que se presentaron ante el TPI. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118 (2015). Por lo cual se descartan *exhibit[s], deposiciones o affidávit[s] que no fueron presentadas oportunamente en el foro de primera instancia o teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo. Meléndez González et al. v. M. Cuebas, supra*, págs. 114-115.

A tales efectos, este Tribunal de Apelaciones examinará el expediente de la manera más favorable hacia la parte que se opuso a la moción de sentencia sumaria en el foro primario. Además,

revisaremos que la moción de sentencia sumaria y su oposición, cumplieron con los requisitos de la Regla 36 de Procedimiento Civil, *supra.* Por último, evaluaremos si existían hechos materiales en controversia, los que, en caso de haberlos, habremos de cumplir con los criterios de la Regla 36.4 de Procedimiento Civil, *supra,* y procederemos a exponer concretamente cuáles hechos materiales se encontraron que estaban en controversia y cuáles estaban incontrovertidos. *Íd.* Por el contrario, si encontramos que los hechos materiales del caso son incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente la norma jurídica aplicable a la controversia que tuvo ante sí. *Meléndez González et al. v. M. Cuebas,* supra, pág. 119.

**-B-**

La Ley Núm. 80 de 30 de mayo de 1976, conocida también como la *Ley de Despido Injustificado*, según enmendada, 29 LPRA sec. 185a *et seq.,* fue creada con el fin primordial de proteger, de manera más efectiva, el derecho del obrero puertorriqueño a la tenencia de su empleo. A su vez, procura desalentar la práctica de despedir a los empleados de forma injustificada y otorga a los trabajadores remedios justicieros y consustanciales con los daños causados por un despido injustificado. Véase: Exposición de Motivos de la Ley Núm. 80, *supra.*; *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 424 (2013); *Feliciano Martes v. Sheraton*, 182 DPR 368 (2011).

El Artículo 2 de la Ley Núm. 80, 29 LPRA sec. 185b, detalla las circunstancias que constituyen "*justa causa*" para el despido e incluye motivos fundados en la conducta del empleado, así como circunstancias de índole empresarial. Así pues, en lo pertinente, las causas atribuibles a los empleados que constituyen justa causa para el despido se preceptúan en los incisos (a), (b) y (c) del Artículo 2, y son las siguientes:

(a) Que el obrero siga un patrón de conducta impropia o desordenada.

(b) La actitud del empleado de no rendir su trabajo en forma eficiente o de hacerlo tardía y negligentemente o en violación de las normas de calidad del producto que se produce o maneja por el establecimiento.

**(c) Violación reiterada por el empleado de las reglas y reglamentos razonables establecidas por el funcionamiento del establecimiento** siempre que copia escrita de los mismos se haya suministrado oportunamente al empleado. [...]. (Énfasis suplido). 23 LPRA sec.185b.

No obstante, a pesar de que la Ley Núm. 80 provee una lista de circunstancias que justifican el despido de un empleado o empleada, la precitada ley no pretende ser un código de conducta limitada a una lista de faltas claramente definidas con sus sanciones correspondientes. *Jusino et als. V. Walgreens*, 155 DPR 560, 573 (2001). A estos efectos, el patrono tiene la potestad de adoptar reglamentos internos y establecer normas de conducta en el lugar de trabajo que estime necesarias para conseguir el buen funcionamiento de la empresa. *Íd.* Los empleados estarán sujetos a cumplir con dichos reglamentos y normas, siempre y cuando éstos cumplan con el criterio de razonabilidad. *Íd.* De este modo, para que las violaciones de las normas del empleo constituyan justa causa para el despido, el patrono tiene la obligación de probar la razonabilidad de las normas establecidas, que le suministró copia escrita de éstas al empleado y que el empleado las violó. *Rivera Águila v. K-Mart de P.R.*, 123 DPR 599, 613-614 (1942). En cambio, no se considerará despido por justa causa aquel que se hace por el mero capricho del patrono o sin razón relacionada con el buen y normal funcionamiento del establecimiento. *Srio. del Trabajo v. GP Inds., Inc.,* 153 DPR 223, 241 (2001).

En fin, el principio rector que gobierna el despido por justa causa dispuesto en el Artículo 2 de la Ley Núm. 80, *supra*, es aquel

que delimita las circunstancias en que éste se produce. Es decir, cuando tiene su origen en alguna razón o motivo vinculado a la ordenada marcha y normal funcionamiento de una empresa y no en el libre arbitrio o capricho del patrono. *Íd.*

**-C-**

Nuestra Constitución reconoce que la dignidad de todo ser humano es inviolable, prohíbe el discrimen por razón de raza, color, sexo, nacimiento, origen o condición social e ideas políticas o religiosas y protege a nuestros ciudadanos contra los ataques abusivos a su honra, reputación y vida privada o familiar. Art. II, Secs. 1 y 8, Const. E.L.A., LPRA, Tomo 1. En lo pertinente al caso de marras, la Ley Núm. 17 de 22 de abril de 1988, según enmendada, conocida como *Ley para Prohibir el Hostigamiento Sexual en el Empleo* (en adelante, "Ley 17-1988"), 29 LPRA sec. 155 *et seq.*, es una de varias leyes existentes en nuestro ordenamiento laboral que protege la dignidad del ser humano en el trabajo. *Albino v. Ángel Martínez, Inc.,* 171 DPR 457, 470 (2007). En su Exposición de Motivos se indica que:

> La práctica del hostigamiento sexual en el empleo, en cualquiera de sus formas, infringe la inviolabilidad del ser humano y constituye un claro discrimen contra el hombre o mujer en el campo del trabajo. Obstaculiza la labor de la persona, privándola del goce y disfrute de una vida plena a la cual tiene derecho todo ser humano en igualdad de condiciones ante la ley, según lo expresa el mandato constitucional y es una de las formas en que se manifiesta el discrimen por razón de sexo.

Ahora bien, el Artículo 3 de la Ley Núm. 17, define hostigamiento sexual de la siguiente forma:

> El hostigamiento sexual en el empleo consiste en **cualquier tipo de acercamiento sexual no deseado**, requerimientos de favores sexuales y **cualquier otra conducta verbal o física de naturaleza sexual** o que sea reproducida utilizando **cualquier medio de comunicación incluyendo**, pero sin limitarse, al uso de herramientas de multimedios a través de la red cibernética o por cualquier medio electrónico, cuando se da una o más de las siguientes circunstancias:

(a) Cuando el someterse a dicha conducta se convierte de forma implícita o explícita en un término o condición del empleo de una persona.

(b) Cuando el sometimiento o rechazo a dicha conducta por parte de la persona se convierte en fundamento para la toma de decisiones en el empleo o respecto del empleo que afectan a esa persona.

(c) **Cuando esa conducta tiene el efecto o propósito de interferir de manera irrazonable con el desempeño del trabajo de esa persona o cuando crea un ambiente de trabajo intimidante, hostil u ofensivo.** (Énfasis suplido). 29 LPRA sec. 155b.

El Artículo 10 del estatuto establece que el patrono será responsable de: *mantener el centro de trabajo libre de hostigamiento sexual e intimidación y deberá exponer claramente su política contra el hostigamiento sexual ante sus supervisores y empleados y garantizará que puedan trabajar con seguridad y dignidad.* 29 LPRA sec. 155i. A la luz de lo anterior, el patrono deberá tomar las medidas necesarias para cumplir con tal propósito, sin limitarse a las siguientes:

(a) Expresar claramente a sus supervisores y empleados que el patrono tiene una política enérgica contra el hostigamiento sexual en el empleo.

(b) Poner en práctica los métodos necesarios para crear conciencia y dar conocer la prohibición del hostigamiento sexual en el empleo.

(c) Dar suficiente publicidad en el lugar de trabajo, para los aspirantes a empleo, de los derechos y protección que se les confieren y otorgan bajo esta Ley, al amparo de la Ley Núm. 69 del 6 de julio de 1985, de la Ley Núm. 100 de 30 de junio de 1959, según enmendada, y de la Constitución del Estado Libre Asociado de Puerto Rico.

(d) Establecer un procedimiento interno adecuado y efectivo para atender querellas de hostigamiento sexual. *Íd.*

En virtud de lo anterior, el estado de derecho reconoce que la Ley Núm. 17, *supra, provee unas guías mínimas y le confiere discreción a cada patrono para adoptar aquellas normas que entienda convenientes para cumplir con el deber afirmativo que le*

*impone* [...]. *Rosa Maisonet v. ASEM,* 192 DPR 368, 383 (2015). De este modo, cada patrono, a la luz de las particularidades pertinentes, tiene el deber de definir las medidas cautelares que estime necesarias para erradicar toda manifestación de hostigamiento sexual en su taller de empleo. *Delgado Zayas v. Hosp. Int. Med. Avanzada,* 137 DPR 643 (1994).

**-D-**

La prueba de referencia es aquella declaración que no sea la que la persona declarante hace en el juicio o vista, que se ofrece en evidencia para probar la verdad de lo aseverado. Regla 801(c) de Evidencia, 32 LPRA Ap. VI, R. 801(c); Toledo Maldonado v. Cartagena Ortiz, 132 DPR 249 (1992).

Como norma general, la prueba de referencia no será admisible en evidencia, salvo que de otra manera se disponga por ley. Regla 804 de Evidencia, 32 LPRA Ap. VI. R. 804. A manera de excepción, y en lo aquí pertinente, la Regla 805 (F), *supra,* de Evidencia dispone que los *récords de actividades que se realizan con regularidad* no están sujetos a la regla general de exclusión de prueba de referencia, aun cuando la persona declarante esté disponible como testigo. La propia Regla 805 (F), *supra,* define *récords de actividades que se realizan con regularidad* como:

> Un escrito, informe, récord, memorando o compilación de datos -en cualquier forma- relativo a actos, sucesos, condiciones, opiniones o diagnósticos que se hayan **preparado en o cerca del momento en que éstos surgieron**, por una persona que tiene conocimiento de dichos asuntos, o mediante información transmitida por ésta, **si dichos récords se efectuaron en el curso de una actividad de negocios realizada con regularidad**, y si la preparación de dicho escrito, informe, récord, memorando o compilación de datos se hizo en el curso regular de dicha actividad de negocio, **según lo demuestre el testimonio de su custodio o de alguna otra persona testigo cualificada**, **o según se demuestre mediante una certificación que cumpla con las disposiciones de la Regla 902(K)** o con algún estatuto que permita dicha certificación, a menos que la fuente de información, **el método o las circunstancias de su preparación inspiren falta de confiabilidad**. [...] (Énfasis suplido).

Nuestro más alto foro ha expresado que, "[l]os fundamentos de esta excepción a la regla general de exclusión de prueba de referencia descansan en razones de necesidad, confiabilidad, experiencia y en el carácter rutinario del documento." *Nereida Muñiz Noriega v. Bonet*, 177 DPR 967 (2010).

La garantía de confiabilidad de esta excepción es la continuidad, regularidad y cotejo de los récords. E. L. Chiesa, *Tratado de derecho probatorio: Reglas de Evidencia de Puerto Rico y Federales*, *op. cit.*, pág. 803. Importante es que:

> La confiabilidad de la anotación depende en gran medida de su carácter rutinario. Si siempre que ocurre determinado tipo de acto se hace rutinariamente el asiento correspondiente en el récord, la presencia del asiento es indicio de que ocurrió el acto, y la ausencia del asiento es indicio de que no ocurrió. Pero si el asiento o anotación no se hace rutinariamente, sino una veces pero no otras, se desvanece la garantía de confiabilidad o, al menos, desmerece. La falta de este elemento justifica la exclusión de la prueba de referencia. *Íd.* pág. 810.

Solo mediante la presentación de la antepuesta evidencia es que la parte que interesa someter como prueba los *récords de actividades que se realizan con regularidad* sienta adecuadamente las bases para su admisión y por tanto cumple con el requisito de autenticación. Así lo dispuso el Tribunal Supremo de Puerto Rico en *H.R. Stationary, Inc. v. E.L.A.*, 119 DPR 129 (1987), al discutir la derogada Regla 65 (F) de Evidencia, la cual es similar a la actual Regla 805 (F) de Evidencia, *supra*.

Por otro lado, surge de la precipitada Regla, que no será necesario el testimonio del custodio de unos récords u otro testigo que declare para autenticar los mismos y explicar el momento y método de su preparación. *Hato Rey Stationery v. ELA*, 119 DPR 129 (1987). El testimonio del custodio podrá sustituirse por una declaración jurada que cumpla con las disposiciones de la Regla 902 (K) de Evidencia. 32 LPRA Ap. VI, R. 902 (K). Conforme

dispone la Regla 902 (K), *supra*, la certificación jurada deberá certificar que dicho récord:

> (1) se preparó en o cerca del momento en que ocurrieron los sucesos o las actividades mencionadas por una persona que tiene conocimiento de dichos asuntos, o mediante información transmitida por ésta;
> (2) se llevó a cabo en el curso de la actividad realizada con regularidad, y
> (3) se preparó como una práctica regular de dicha actividad.

### -E-

La Reglas 43.1 de Procedimiento Civil permite la solicitud de determinaciones de hechos o conclusiones de derecho iniciales, si estas no se hubiesen hecho por innecesarias, dentro de los quince (15) días después de haberse archivado copia de la notificación de una sentencia. 32 LPRA Ap. V, R. 43.1. Asimismo, el Tribunal **podrá** hacer las determinaciones de hechos adicionales o las enmiendas, en conformidad con lo solicitado. (Énfasis suplido). *Íd.*

De la letra de la citada disposición reglamentaria resulta a la vista que el foro primario no está obligado a emitir determinaciones de hechos y de derecho adicionales, luego de solicitada, por una parte, si no proceden. *Blás v. Hosp. Guadalupe*, 146 DPR 267, 319 (1998). Sobre ello, el Tribunal Supremo ha dispuesto lo siguiente:

> **[l]a utilización de la palabra "podrá" le imparte un carácter discrecional para que el juez determine si las mismas proceden o no.** En vista de ello, aplicamos el canon de hermenéutica consignado en la Sección 14 de nuestro Código Civil, 31 LPRA sec. 14, a los efectos de que cuando "...la ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu. (Énfasis suplido). *Íd.* p. 319.

Por otro lado, el Tribunal Supremo ha enfatizado que: *[c]iertamente, el juez tiene discreción para denegar tal moción, pues, en esencia, sólo procede para corregir errores manifiestos de hechos o de derecho. Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 358 (2003).

Por otra parte, si alguna parte interesa presentar una moción de enmiendas o determinaciones iniciales o adicionales, reconsideración o de nuevo juicio, estas deberán presentarse un solo escrito, y el Tribunal resolverá de la misma manera. 32 LPRA Ap. V, R. 43.1.

Ahora bien, la parte que presenta una solicitud de determinaciones de hechos adicionales *deberá exponer con suficiente particularidad y especificidad los hechos que el promovente estime probados, y debe fundamentarse en cuestiones sustanciales relacionadas con determinaciones de hecho pertinentes o conclusiones de derecho materiales*. 32 LPRA Ap. V, R. 43.2.

### III.

En el presente caso, la parte apelante solicita que revisemos la *Sentencia* dictada sumariamente el 22 de noviembre de 2023 y notificada el 27 de noviembre de 2023 por el TPI. Mediante el referido dictamen, el TPI desestimó con perjuicio la causa de acción instada en contra de Island Finance al amparo de la Ley 80-1976, *supra*, por entender que el despido del señor Rivera Jiménez estuvo justificado. El Tribunal realizó un total de setenta y cinco (75) determinaciones de hechos, los cuales fueron sustentados por la prueba documental presentada por el apelado en su solicitud de sentencia sumaria.

El señor Rivera Jiménez alega que erró el TPI al declarar Con Lugar la solicitud de sentencia sumaria bajo el fundamento de que el apelante no logró controvertir los hechos, conforme a los parámetros de la Regla 36 de Procedimiento Civil. Además, sostiene que la evidencia en la que Island Finance fundamentó su petición es inadmisible en evidencia, ya que utilizó declaraciones juradas que contienen prueba de referencia. Arguye, a su vez, que existe controversia sobre la justificación de su despido, ya que la

conducta imputada ocurrió fuera de horas laborables. Finalmente, impugna la *Resolución* mediante la cual el TPI declaró No Ha Lugar la solicitud de determinaciones de hechos adicionales instada por el apelante.

En cambio, Island Finance arguye que procede confirmar la sentencia sumaria apelada. El apelado sostiene que el apelante no presentó prueba admisible que controvirtiera los hechos presentados como incontrovertidos en la solicitud de sentencia sumaria. Además, alega que el *Informe de Investigación* no es prueba de referencia por tratarse sobre un récord de negocio en el que se detalla el proceso que realizó Island Finance para atender la queja de hostigamiento sexual. Señala, a su vez, que sus normas prohíben el hostigamiento sexual y que el patrono tiene la facultad de interpretar sus normas y reglamentos. Por último, expresa que los hechos adicionales propuestos por el apelante son inmateriales, no están identificados con prueba admisible y algunos son argumentaciones o especulaciones que no contradicen las determinaciones de hechos del TPI.

Los errores primero y tercero serán discutidos en conjunto por ambos estar dirigidos a impugnar la resolución sumaria de la controversia.

En el ejercicio de nuestra función revisora debemos: 1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; 2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*; 3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos; 4) y de

encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas, Inc., supra*, 679.

Cónsono con lo anterior, al realizar nuestra revisión *de novo*, nos corresponde, en primer lugar, determinar si la parte promovente de la moción de sentencia sumaria cumplió con lo dispuesto en la Regla 36 de Procedimiento Civil, *supra*. Particularmente, si incluyó: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. *Véase* 32 LPRA Ap. V. R. 36.3. *Pérez Vargas v. Office Depot/Office Max, Inc.*, 203 DPR 687 (2019).

Al evaluar la moción de Sentencia Sumaria instada por Island Finance, constatamos que, en efecto, la parte promovente cumplió cabalmente con la precipitada Regla. El apelado presentó una bien fundamentada moción de sentencia sumaria, en la cual elaboró un total de setenta y siete (77) hechos que, según señaló, no están en controversia.

Es meritorio puntualizar que, Island Finance cumplió cabalmente con las disposiciones de la Regla 36.1 y 36.3 (a), toda vez que, (1) hizo una exposición breve de las alegaciones de las

partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. Pudimos constatar que, en efecto, el apelado acompañó su solicitud de sentencia sumaria con la evidencia documental que apoya la misma debidamente identificada y sustentó en derecho su solicitud.

De igual forma, nos corresponde evaluar si el señor Rivera Jiménez se opuso adecuadamente a la moción de sentencia sumaria. Al revisar ponderadamente la *Oposición a Solicitud de Sentencia Sumaria* interpuesta por el apelante, nos percatamos de que, esta se limitó a refutar mediante meras alegaciones la *Moción de Solicitud de Sentencia Sumaria*. Consecuentemente, nos vemos forzados a concluir que el escrito en oposición presentado por el señor Rivera Jiménez incumplió con lo dispuesto en la Regla 36.3 (b), *supra.*

La única prueba admisible acompañada a la *Oposición a Solicitud de Sentencia Sumaria* fueron las deposiciones realizadas al señor Rivera Jiménez y a su esposa. Tal y como reseñamos previamente, nuestra última instancia judicial ha resuelto que, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones. *Ramos Pérez v. Univisión, supra*, 215-216. Las meras afirmaciones no bastan. *Íd. Como regla general, para derrotar una solicitud de*

*sentencia sumaria la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente. Ramos Pérez v. Univisión, supra*, pág. 215. (Cita omitida). *Roldán Flores v. M. Cuebas, Inc., supra,* 677. Surge del expediente que obra ante nosotros que, el señor Rivera Jiménez no presentó prueba documental para controvertir los hechos esbozados por Island Finance en la moción de sentencia sumaria. En cambio, el apelado acompañó su solicitud de sentencia sumaria de declaraciones juradas y amplia evidencia documental, además de las deposiciones realizadas, en apoyo de los hechos elaborados.

Ante la presentación de una causa de acción al amparo de la Ley 80-1976, *supra*, el foro primario únicamente venía obligado a determinar si el despido del apelante estuvo justificado, según las normas de comportamiento de Island Finance.

Cónsono con la política pública del Estado Libre Asociado de Puerto Rico, todo patrono tiene la responsabilidad de mantener sus centros de trabajo libre de todo acto de hostigamiento sexual y de tomar las medidas necesarias para garantizarlo. 19 LPRA sec. 155i. La Norma 47 del Manual de Empleados de Island Finance expresamente prohíbe el hostigamiento sexual en el empleo y dispone que un primer incidente de hostigamiento sexual es motivo de despido. Dichas normas eran conocidas por el señor Rivera Jiménez.

Conforme surge de la prueba documental, el señor Rivera Jiménez le enviaba al señor Ginés, quien era subgerente y, por lo tanto, ocupaba una posición de menor jerarquía, numerosos mensajes con fotos y videos de alto contenido sexual por *WhatsApp.* Las referidas fotos y videos contienen mujeres desnudas enseñando sus glúteos y áreas genitales, mensajes con doble sentido sexual y caricaturas en las cuales aparecen menores

de edad expuestos a contenido explícito. A pesar de que el empleado no respondía a los mensajes, el apelante continuó enviándolos.

A la luz de lo anterior, el 12 de septiembre de 2019, el empleado presentó una queja sobre hostigamiento sexual ante el Departamento de Recursos Humanos en contra del señor Rivera Jiménez. Como parte del proceso investigativo de Island Finance, Recursos Humanos le requirió al empleado que enviara un correo electrónico detallando la situación de hostigamiento sexual. Surge del correo electrónico que, por más de ocho (8) meses, el empleado se había sentido acosado y limitado profesionalmente como consecuencia de los actos del apelante.

A pesar de que la conducta imputada al apelante ocurrió fuera de horas laborables, es evidente que los efectos de sus actos afectaron negativamente al señor Ginés en el centro de empleo, toda vez que se creó un ambiente laboral hostil. Atinente a la obligación que le impone la Ley 17-1988, Island Finance despidió al señor Rivera Jiménez en aras de proteger a sus empleados y mantener su centro de trabajo libre de hostigamiento sexual.

Resulta forzoso concluir que no erró el TPI al resolver por la vía sumaria que el despido del apelante estuvo justificado, al amparo de la Ley 80-1976.

Por otro lado, mediante el segundo señalamiento de error, el apelante arguye que incidió el foro primario al admitir prueba de referencia bajo la excepción de récords de negocios. Específicamente, el señor Rivera Jiménez impugna la admisibilidad del *Informe de Investigación*, ya que contiene expresiones del señor Ginés, quien no testificó en el caso de autos, lo que constituye prueba de referencia. Adelantamos que no se cometió el error levantado. Veamos.

La declaración jurada de la Directora de Recursos Humanos que acompañó la *Moción de Solicitud de Sentencia Sumaria* cualifica los documentos como récords de negocios, conforme dispone la Regla 902 (K) de Evidencia, *supra*. En especial, el *Informe de Investigación* fue preparado como una actividad regular de negocio, mediante el mecanismo habitual de recogido de insumo disciplinario de Island Finance. Toda vez que las declaraciones del señor Ginés fueron recopiladas como parte del procedimiento investigativo de Island Finance y forman parte del *Informe de Investigación*, el cual fue debidamente autenticado, no constituyen prueba de referencia.

Además, dentro del referido procedimiento, en el que se produjeron los documentos admitidos como récords de negocio, el apelante tuvo la oportunidad de expresarse sobre la materia, lo cual consta en el expediente. De las mismas declaraciones del apelante durante la investigación, surge que el señor Rivera Jiménez reconoció haber enviado los mensajes de índole sexual al señor Ginés. En otras palabras, las declaraciones del señor Ginés no eran necesarias para sostener las determinaciones de hechos realizadas por el TPI.

Por todo lo cual, no erró el foro primario al concluir que el *Informe de Investigación* era un récord de negocio admisible en evidencia.

Finalmente, corresponde determinar si el foro apelado cometió el cuarto error señalado. El apelante señala que el TPI erró al declarar No Ha Lugar su solicitud de determinaciones de hechos adicionales.

Como discutimos anteriormente, la Regla 43.1 de Procedimiento Civil*, supra*, no obliga al foro primario a emitir determinaciones de hechos adicionales, si considera que estas son improcedentes. En primer lugar, cabe destacar que, las

determinaciones de hechos adicionales solicitadas por el apelante no fueron sostenidas por prueba admisible alguna. En segundo lugar, las determinaciones de hechos adicionales solicitadas por el apelante no son pertinentes a la controversia de autos.

Las determinaciones solicitadas por el señor Rivera Jiménez intentan sostener que entre el apelante y el señor Ginés existía una relación de amistad. Recalcamos que la controversia medular de hechos giraba en torno a determinar si el despido estuvo justificado luego de la violación a las normas de Island Finance. Contrario a lo que el apelante intenta argumentar, la controversia medular nunca estuvo relacionada a la supuesta relación de amistad entre el señor Rivera Jiménez y el señor Ginés. Una alegada relación de amistad entre ambos no justifica el hostigamiento sexual llevado a cabo por el apelante. Por otro lado, el apelante intenta que el foro apelado acoja determinaciones de hechos relacionadas a alegadas infracciones a las normas de comportamiento cometidas por el señor Ginés, lo cual tampoco guarda relación con la causa de acción ante la consideración del Tribunal.

En fin, el foro primario tenía discreción para denegar tal moción, ya que esta solo procede para corregir errores manifiestos de hechos o de derecho. *Carattini v. Collazo Syst. Analysis, Inc.*, *supra*. Resulta forzoso concluir que el TPI no erró al declarar No Ha Lugar la solicitud de determinaciones de hechos adicionales.

Por todo lo anterior, corresponde confirmar la *Sentencia* apelada, toda vez que los hechos aceptados como incontrovertidos por el TPI, los cuales se sostienen por la prueba que obra en el expediente, validan la conclusión de que la causa de acción promovida por el señor Rivera Jiménez no procede en derecho.

**IV.**

Por los fundamentos expuestos, se *Confirman* los dictámenes apelados.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones