Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ASOCIACIÓN DE RESIDENTES DE BAIROA GOLDEN GATE II, INC.  Apelantes  v.  VIVIAN GONZÁLEZ FALCÓN  Apelada | TA2025AP00627 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas  Caso número: CG2023CV02686  Sobre: Cobro de Dinero |
|---|---|---|

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 15 de enero de 2026.

Comparece la parte apelante, Asociación de Residentes de Bairoa Golden Gate II, Inc., y nos solicita que revoquemos la *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Caguas, el 3 de noviembre de 2025. Mediante dicho dictamen, el foro primario declaró No Ha Lugar la *Moción de Reconsideración* promovida por la parte apelada, Vivian González Falcó. En su consecuencia, confirmó la *Sentencia* que declaró Ha Lugar la *Moción de Sentencia Sumaria* y desestimó la reclamación judicial presentada por la parte apelante.

Por los fundamentos que exponemos a continuación, se confirma el dictamen apelado. Veamos.

## I

El 9 de agosto de 2023, la Asociación de Residentes de Bairoa Golden Gate II, Inc. (Asociación o apelante) incoó una *Demanda*[1] sobre cobro de dinero en contra de Vivian González Falcó (González

---

[1] Entrada Núm. 1 del Caso CG2023CV02686 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Falcó o apelada). La Asociación alegó que González Falcó le adeuda la cantidad de $16,585.95 por concepto de cuotas de mantenimiento, derramas, gastos extraordinarios operacionales del sistema de acceso controlado, seguridad y mantenimiento de áreas verdes vecinales. Adujo que la suma antes descrita podría incluir recargos y penalidades contemplados en el Reglamento de la Asociación, Escrituras Restrictivas, Escrituras de Servidumbre en Equidad y Contrato entre las partes. Sostuvo que la cantidad ha sido requerida a González Falcó y que esta se ha negado a pagar, a pesar de que la deuda está vencida, de ser líquida y exigible.

Por su parte, el 15 de diciembre de 2023, González Falcó presentó su *Contestación a Demanda*[2], mediante la cual admitió que tiene una deuda con la Asociación por concepto de cuotas de mantenimiento. Sin embargo, adujo que la deuda reclamada no cumple con los elementos de liquidez ni exigibilidad, para que el foro primario pueda conceder el remedio solicitado, entre otras defensas afirmativas.

Tras varios incidentes procesales, el 27 de septiembre de 2024, González Falcó presentó una *Moción Informando Envío de Descubrimiento de Prueba, Solicitando Vista de Estado Procesal y Sobre Otros Asuntos*[3]. En la mencionada *Moción*, además de alegar que trató de comunicarse con la representación legal de la Asociación para tratar de llegar a un acuerdo, comunicaciones que, según adujo, cesaron, González Falcó le informó al foro primario que le cursó a la otra parte, entre otras cosas, un Requerimiento de Admisiones.

Posteriormente, el 26 de noviembre de 2024, González Falcó presentó una *Moción Solicitando se Tengan por Admitidos*

---

[2] Entrada Núm. 6 del Caso CG2023CV02686 en el SUMAC.
[3] Entrada Núm. 13 del Caso CG2023CV02686 en el SUMAC.

*Requerimiento de Admisiones Enviados a Demandante*[4] en la que alegó que transcurrieron sesenta (60) días, sin que la Asociación haya admitido o negado las admisiones sometidas, y solicitó que se tengan por admitidos.[5]

El 8 de enero de 2025, el foro de instancia notificó una *Resolución Interlocutoria*[6], mediante la cual dio por admitidos los requerimientos de admisiones sometidos por González Falcó.

Así las cosas, el 15 de enero de 2025, la Asociación presentó una *Moción de Reconsideración*[7]. Alegó que radicó una moción titulada *Réplica a Solicitud de que se Tengan por Admitidos Hechos en Descubrimiento de Prueba*[8] y sostuvo que los métodos de descubrimiento de prueba remitidos por González Falcó fueron enviados a un correo electrónico antiguo, y no a la dirección que aparece en el SUMAC. Añadió que envió al representante legal de González Falcó las contestaciones juramentadas por correo electrónico en esa misma fecha.

El 16 de enero de 2025, González Falcó presentó una *Oposición a Reconsideración*[9] en la que alegó que la representante legal de la Asociación expuso como su dirección de correo electrónico la misma dirección al que se le notificaron los requerimientos de admisiones. Además, sostuvo que, a través de la M*oción Informando Envío de Descubrimiento de Prueba, Solicitando Vista de Estado Procesal y Sobre Otros Asuntos*[10] se le informó al Tribunal sobre el

---

[4] Entrada Núm. 18 del Caso CG2023CV02686 en el SUMAC.

[5] El 6 de diciembre de 2024, el foro primario emitió una *Orden* (Entrada Núm. 19 del Caso CG2023CV02686 en el SUMAC) en la que le impuso a la Asociación un término de cinco (5) días para cumplir con el Requerimiento de Admisiones. Pasado dicho término, el 23 de diciembre de 2024, González Falcó presentó una *Moción Solicitando Reconsideración y/o que se Tengan por Admitidos Requerimiento de Admisiones Enviados a Demandante por Incumplimiento con Orden* (Entrada Núm. 20 del Caso CG2023CV02686 en el SUMAC) y solicitó que, de forma automática y definitiva tenga por admitidos los requerimientos de admisiones sometidos.

[6] Entrada Núm. 21 del Caso CG2023CV02686 en el SUMAC.

[7] Entrada Núm. 22 del Caso CG2023CV02686 en el SUMAC.

[8] La referida *Moción* no aparece en el SUMAC. La Asociación sostuvo que por razón desconocida aparece no radicada y la acompañó como Anejo 1 de la Entrada Núm. 22 del Caso CG2023CV02686 en el SUMAC.

[9] Entrada Núm. 23 del Caso CG2023CV02686 en el SUMAC.

[10] Entrada Núm. 13 del Caso CG2023CV02686 en el SUMAC.

descubrimiento de prueba y los requerimientos de admisiones cursados y que, no es hasta luego de múltiples mociones presentadas y órdenes del Tribunal, que la Asociación presenta un escrito sobre el asunto.

El 27 de enero de 2025, el foro primario, por medio de una *Minuta*[11] de una vista sobre "Status Conference" dispuso que se sostiene la *Resolución* emitida, en cuanto a que se den por admitidas los requerimientos de admisiones.

Luego de múltiples trámites procesales[12], el 14 de julio de 2025, González Falcó instó una *Moción Sentencia Sumaria*[13]. En síntesis, expuso que es un hecho probado e incontrovertible que la deuda no es líquida ni exigible, por lo que la reclamación en su contra debe ser desestimada.

Por su parte, el 18 de agosto de 2025, la Asociación presentó una *Réplica a Solicitud de Sentencia Sumaria*[14] mediante la cual sostuvo que González Falcó admitió tener una deuda con esta y, luego de detallar cada cantidad alegadamente adeudada por González Falcó, solicitó la continuación de los procedimientos para celebrar el juicio correspondiente.[15]

Examinadas las posturas de las partes, el 23 de septiembre de 2025, notificada el día siguiente, el Tribunal de Primera Instancia emitió su *Sentencia*[16]. Mediante dicho dictamen, el foro primario

---

[11] Entrada Núm. 25 del Caso CG2023CV02686 en el SUMAC.
[12] Cabe destacar que, el 14 de mayo de 2025, el Tribunal de Primera Instancia señaló Juicio en su Fondo para el 24 de junio del mismo año y, como parte de dichos trámites, el 27 de junio de 2025, el foro primario emitió una *Minuta* (Entrada Núm. 43 del Caso CG2023CV02686 en el SUMAC) en la que resaltó que la representante legal de la Asociación no compareció al Juicio en su Fondo, que la secretaria jurídica recibió una llamada para indicar que dicha representante tuvo una situación de salud con su madre y no puso comparecer, y ordenó a esta a presentar prueba de que su madre estuvo en el hospital. El 7 de julio de 2025, la representante legal de la Asociación, por medio de una *Moción en Cumplimiento de Orden* (Entrada Núm. 44 del Caso CG2023CV02686 en el SUMAC) sostuvo que la situación de emergencia se atendió, pero que, ya que su madre no estuvo hospitalizada, no solicitó certificación a esos efectos.
[13] Entrada Núm. 45 del Caso CG2023CV02686 en el SUMAC.
[14] Entrada Núm. 49 del Caso CG2023CV02686 en el SUMAC.
[15] El 26 de agosto de 2025, González Falcó presentó *una Dúplica a "Réplica" Radicada por Demandante (*Entrada Núm. 51 del Caso CG2023CV02686 en el SUMAC) en la que reiteró lo vertido en su solicitud de Sentencia Sumaria.
[16] Entrada Núm. 53 del Caso CG2023CV02686 en el SUMAC.

declaró Ha Lugar la solicitud de sentencia sumaria promovida por González Falcó. En particular, el foro sentenciador formuló las siguientes determinaciones de hechos:

1) La parte demandada tiene propiedad sita en la Urbanización Bairoa Golden Gate II H2 Calle N del Municipio de Caguas, PR 00725-1162. (Hecho Estipulado En Informe de CAJ y Admitido en Contestación a Demanda).

2) La parte demandada tiene una alegada deuda por concepto de cuotas de mantenimiento con la parte demandante. (Hecho Estipulado En Informe de CAJ y Admitido en Contestación a Demanda).

3) Desde mucho antes de la radicación de la presente reclamación judicial, la parte demandada le había cuestionado a la parte demandante la procedencia y el cálculo de las partidas que le estaban siendo cobradas por concepto de cuotas de mantenimiento. (Hecho Estipulado En Informe de CAJ y Admitido en Requerimiento de Admisiones 1).

4) Los abogados de ambas partes del presente pleito conversaron sobre la reclamación y cantidades que se alegaban que se adeudaban por la parte demandada por concepto de cuotas de mantenimiento. (Hecho Estipulado En Informe de CAJ y Admitido Requerimiento de Admisiones 2).

5) El Reglamento de la Asociación de Residentes y Propietarios de Bairoa Golden Gate II, Inc., (en adelante "el Reglamento") no autoriza el cobro un interés de 9.5% anual por concepto de deudas de cuotas de mantenimiento para periodo de enero a diciembre del año 2023. (Hecho Estipulado En Informe de CAJ y Admitido Requerimiento de Admisiones 3).

6) La cuota de mantenimiento anual de los Residentes de la Asociación, de acuerdo al Reglamento es de seiscientos dólares ($600.00), en plazos mensuales de cincuenta dólares ($50.00). (Hecho Estipulado En Informe de CAJ y Admitido Requerimiento de Admisiones 4).

7) La Sección 10 Parte II del Reglamento trata sobre el método de notificación o citación para comunicar todos sus asuntos a los residentes y propietarios que tendrá la Asociación. (Hecho Estipulado En Informe de CAJ y Admitido Requerimiento de Admisiones 5).

8) La Sección 10 Parte II del Reglamento no ha sido enmendada desde el año 2004. (Hecho Estipulado En Informe de CAJ y Admitido Requerimiento de Admisiones

9) El método de citación y notificación para comunicar todos los asuntos a los residentes no le ha sido comunicada a los residentes. (Hecho Estipulado En Informe de CAJ y Admitido Requerimiento de Admisiones 7).

10) La parte demandada nunca le ha negado a la Asociación que tiene deuda por concepto de cuotas de mantenimiento con la Asociación. (Hecho Estipulado En Informe de CAJ y Admitido Requerimiento de Admisiones 8).

11) La Asociación ha recibido de la parte demandada los pagos por concepto de cuotas de mantenimiento desde el mes de noviembre de 2023 al presente. (Hecho Estipulado En Informe de CAJ y Admitido Requerimiento de Admisiones 9).

12) La parte demandada y la parte demandante, a través de sus respectivos representantes legales, han conversado sobre la reclamación de deuda de la parte demandante desde por lo menos el mes de octubre de 2019. (Hecho

Estipulado En Informe de CAJ y Admitido Requerimiento de Admisiones 11).

13) La parte demandante no se volvió a comunicar con la parte demandada con relación a la deuda hasta mediados del año 2023. (Hecho Estipulado En Informe de CAJ y Admitido Requerimiento de Admisiones 12).

14) Luego de la radicación de la presente acción, la parte demandada y demandante dialogaron sobre el pago por parte de la parte demandada de cantidades por concepto de cuotas de mantenimiento. (Hecho Estipulado En Informe de CAJ y Admitido Requerimiento de Admisiones 13).

15) La cantidad de 9.5% sobrepasa el máximo permitido por ley para las cantidades que reclama la parte demandante a la demandada. (Hecho Estipulado En Informe de CAJ y Admitido Requerimiento de Admisiones 14).

16) La deuda que reclama la parte demandante a la parte demandada no es líquida ni exigible. (Hecho Estipulado En Informe de CAJ y Admitido Requerimiento de Admisiones 15).

17) La intención de la Asociación al adoptar el Reglamento fue para reglamentar el control de tránsito y el uso público de las calles de la Urbanización Bairoa Golden Gate II, y establecer las normas y procedimientos de todo acto necesario administrativo relacionado a la Asociación… "y promover relaciones armoniosas en la comunidad y proteger el bienestar de los residentes." (Hecho Estipulado En Informe de CAJ y Admitido Requerimiento de Admisiones 16).

El foro de origen concluyó que los hechos esenciales y materiales quedaron admitidos en los requerimientos de admisiones que le envió González Falcó a la Asociación, y posteriormente fueron estipulados por las partes en el Informe de la Conferencia con Antelación al Juicio (CAJ). Resaltó que es un hecho esencial y material estipulado, admitido y por tanto, probado e incontrovertible, que la deuda de González Falcó no es líquida ni exigible. Sostuvo, además, que la Asociación actuó con temeridad, tanto en el trámite del pleito, como en la persecución de una acción que, a todas luces, pudo y debió haber sido resuelta de forma extrajudicial. En su consecuencia, desestimó la reclamación judicial y le impuso a la Asociación el pago de las costas, gastos y temeridad por una suma de $2,000.00, por concepto de honorarios de abogados a favor de González Falcó.[17]

---

[17] La Asociación y González Falcó presentaron, respectivamente, una *Moción de Reconsideración de Sentencia Sumaria* (Entrada Núm. 54 del Caso CG2023CV02686 en el SUMAC) el 9 de octubre de 2025 y *Moción en Cumplimiento Con Orden en Oposición a Moción de Reconsideración de Sentencia Sumaria* (Entrada Núm. 56 del Caso CG2023CV02686 en el SUMAC) el 29 de octubre de

Inconforme, el 3 de diciembre de 2025, la parte apelante presentó el recurso de epígrafe y señaló el siguiente error:

> Erró y abusó de su discreción el foro de instancia al dictar Sentencia en este caso por la vía sumaria, pese a que existe una controversia real sobre la cantidad de la deuda y la apelada haber aceptado que tiene una deuda con la Asociación.

En cumplimiento con nuestra *Resolución* del 8 de diciembre de 2025, la parte apelada compareció ante nos mediante un *Alegato del Apelado* el 30 del mismo mes y año.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, es un vehículo para asegurar la solución justa, rápida y económica de un caso. *Cooperativa de Seguros Múltiples de Puerto Rico y otro v. Estado Libre Asociado de Puerto Rico y otros*, 2025 TSPR 78, resuelto el 5 de agosto de 2025; *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981 (2023); *Oriental Bank v. Caballero García*, 212 DPR 671 (2023); *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023); *Acevedo y otros v. Depto. Hacienda y otros*, 212 DPR 335 (2023); *Universal Ins. y otro v. ELA y otros*, 211 DPR 455 (2023). Dicho mecanismo permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no exista controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964 (2022). Este mecanismo lo puede utilizar la parte reclamante o aquella parte que se defiende de una reclamación. 32 LPRA Ap. V, R. 36.1 y 36.2.

---

2025. La referida *Moción de Reconsideración* fue declarada No Ha Lugar el 3 de noviembre de 2025 (Entrada Núm. 57 del Caso CG2023CV02686 en el SUMAC).

Mediante el mecanismo de sentencia sumaria, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *León Torres v. Rivera Lebrón,* 204 DPR 20, 42 (2020). Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Segarra Rivera v. Int'l. Shipping et al.*, supra. Como se sabe, en aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Íd.*

Nuestro ordenamiento civil y su jurisprudencia interpretativa impone unos requisitos de forma con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V, R. 36.3; *Oriental Bank v. Caballero García*, supra; *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019). Si la parte promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 111 (2015).

Por otro lado, "la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación". *León Torres v. Rivera Lebrón,* supra*,* pág. 43. Por el contrario, quien se opone a que se declare con lugar esta solicitud viene obligado a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho la parte promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si la misma procede en derecho. *Íd.* Por ello, en la oposición a una solicitud de sentencia sumaria, la parte promovida debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* supra. Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3. *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.* De lo anterior, se puede colegir que, ante el incumplimiento de las partes con las formalidades de la Regla 36 de Procedimiento Civil de 2009, *supra,* la consideración de sus posiciones descansa en la sana discreción del Tribunal.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por la parte promovente. *E.L.A. v. Cole,* 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues solo procede si bajo ningún supuesto de hechos prevalece la parte promovida. *Íd.,* pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador o juzgadora debe actuar guiado por

la prudencia y ser consciente, en todo momento, que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra, pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Cruz, López v. Casa Bella y otros*, 213 DPR 80 (2024); *Acevedo y otros v. Depto. Hacienda y otros*, supra; *Segarra Rivera v. Int'l. Shipping et al.*, supra. Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Banco Popular de Puerto Rico v. Zorrilla Posada y otro*, 2024 TSPR 62, resuelto el 17 de junio de 2024; *Oriental Bank v. Caballero García,* supra, pág. 7; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). Ahora bien, el Foro de última instancia ha reiterado que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, pues debe tratarse de una incertidumbre que permita concluir que existe una controversia real sobre hechos relevantes y pertinentes. *Íd.* Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.* No obstante, la sentencia sumaria procederá si atiende cuestiones de derecho. *Universal Ins. y otro v. ELA y otros*, supra.

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el foro de instancia.

*Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas*, supra, págs. 118-119. Sobre ese particular, nuestro más Alto Foro señaló que:

> [E]l Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Conforme a lo anterior, nos encontramos en la misma posición que el Tribunal de Primera Instancia para evaluar la procedencia de una sentencia sumaria. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro*, 2025 TSPR 1, resuelto el 7 de enero de 2025; *Banco Popular de Puerto Rico v. Zorrilla Posada y otro*, supra; *Birriel Colón v. Econo y otro*, 213 DPR 80 (2023); *Serrano Picón v. Multinational Life Ins.*, supra; *González Meléndez v. Mun. San Juan et al.*, supra; *González Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019). Por ello, nuestra revisión es una *de novo* y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, así como de su jurisprudencia interpretativa. *González Meléndez v. Mun. San Juan et al.*, supra. A tenor con la referida normativa, dicha revisión se realizará de la manera más favorable hacia la parte que se opuso a la solicitud de sentencia sumaria en el foro de origen y realizando todas las inferencias permisibles a su favor. *Birriel Colón v. Econo y otro,* supra; *Meléndez González et al. v. M. Cuebas*, supra, pág. 118. De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario

aplicó correctamente el derecho. *González Meléndez v. Mun. San Juan et al.*, supra.

**B**

En una acción de cobro de dinero, la parte demandante únicamente puede reclamar, por vía judicial, aquellas deudas que sean vencidas, líquidas y exigibles. *RMCA v. Mayol Bianchi*, 208 DPR 100, 108 (2021). Respecto a ello, el Tribunal Supremo de Puerto Rico expresó que:

> El vocablo "líquida" en relación con una cuenta, en lenguaje corriente significa el saldo "o residuo de cuantía cierta que resulta de la comparación del cargo con la data". Y la voz "exigible" refiriéndose a una obligación, significa que puede demandarse su cumplimiento. *Guadalupe v. Rodríguez*, 70 DPR 958, 966 (1950).

En ese sentido, la deuda es "líquida" cuando la cuantía de dinero debida es "cierta" y "determinada". *Ramos y otros v. Colón y otros*, 153 DPR 534, 546 (2001), citando a M.A. Del Arco Torres y M. Pons González, *Diccionario de Derecho Civil*, Navarra, Ed. Aranzadi, 1984, T. II, pág. 168 y a *Freeman v. Tribunal Superior*, 92 DPR 1, 25 (1965). Por otro lado, la deuda es "exigible" cuando la obligación no está sujeta a una causa de nulidad y puede demandarse su cumplimiento. *Guadalupe v. Rodríguez*, supra. Sobre ese particular, nuestro Tribunal Supremo determinó en *RMCA v. Mayol Bianchi*, supra, págs. 108-109, lo siguiente:

> La deuda es líquida por ser cierta y determinada, y es exigible porque puede demandarse su cumplimiento. Así que, "al alegarse que la cuenta es 'líquida y exigible' se están exponiendo hechos, a saber: que el residuo de la cuantía ha *sido aceptado como correcto por el deudor y que está vencido*". (Citas omitidas).

Por otro lado, la parte que exige el cumplimiento de una obligación es a quien le corresponde probar su existencia. *Admor. F.S.E. v. Almacén Ramón Rosa*, 151 DPR 711, 719 (2000); *H.R. Stationery, Inc. v. E.L.A.*, 119 DPR 129, 134 (1987). Lo anterior es cónsono con la Regla 110 de Evidencia de Puerto Rico de 2009, 32

LPRA Ap. VI, R. 110, pues el peso de la prueba recae sobre la parte que resultaría vencida en caso de no presentarse prueba alguna.

**C**

La Regla 33 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 33, regula lo concerniente al *Requerimiento de Admisiones*, como método de descubrimiento de prueba. Sobre el mismo, la doctrina vigente dispone que constituye un "mecanismo sencillo y económico, de excepcional utilidad en la práctica contenciosa". J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1000; *Rivera Prudencio v. Mun. de San Juan*, 170 DPR 149, 171 (2007). En particular, la Regla 33, *supra*, autoriza a una parte a requerirle a otra que admita la veracidad de cualquier materia dentro del alcance de la Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1, que se relacionen con cuestiones u opiniones de hechos, o con la aplicación de la ley a los hechos, y la autenticidad de cualquier documento que se acompañe con el requerimiento. Cuevas Segarra, *op. cit.*, pág. 1000. Así, este instrumento "persigue el propósito de aligerar los procedimientos para definir y limitar las controversias del caso y proporcionar así un cuadro más claro sobre éstas". *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 571 (1997). En lo pertinente, la referida Regla dispone como sigue:

> a) [...]
>
> [...] Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión, una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia.
>
> [...]. 32 LPRA Ap. V, R. 33.

A tenor con lo anterior, la parte que viene obligada a responder un requerimiento de admisiones deberá "admitir o negar lo

requerido bajo juramento o presentar una objeción escrita sobre la materia en cuestión dentro del término de 20 días". *Rivera Prudencio v. Mun. de San Juan*, supra, págs. 171-172. Así, como norma, de incumplir con este requisito, las cuestiones sobre las cuales se solicitó la admisión se tendrán por admitidas automáticamente *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, pág. 573. En este sentido, la Regla 33, *supra,* no exige que el tribunal emita una orden a esos efectos. *Íd.* Al respecto, nuestro Tribunal Supremo ha expresado que, con esta Regla, se busca evitar que una parte, mediante actuaciones que demuestren dejadez y desidia, dilate los procedimientos judiciales. *Rivera Prudencio v. Mun. de San Juan*, supra, pág. 174.

Nuestro más alto Foro ha expresado que "las disposiciones de la Regla 33 son mandatorias, no meramente directivas, lo que requiere que haya un cumplimiento sustancial con las mismas. Sin embargo, al igual que ocurre con cualquier otra regla procesal, al aplicarla e interpretarla no se puede permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial". *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, págs. 574-575. En este sentido, el estado de derecho reconoce que, "[e]n el ejercicio de su discreción, el tribunal debe interpretar la regla de forma flexible para favorecer, en los casos apropiados, que el conflicto se dilucide en los méritos. Debe de ejercer especial cuidado cuando se trata de una admisión tácita, o sea, por no haberse contestado el requerimiento dentro del término establecido para ello". *Íd.,* págs. 573-574.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte apelante plantea en su único señalamiento de error que el Tribunal de Primera Instancia incidió al emitir una sentencia

sumaria y, en consecuencia, desestimar la reclamación de epígrafe. Plantea que existe una controversia real sobre la cantidad adeudada y que la parte apelada aceptó que tiene una deuda.

Hemos examinado cuidadosamente *de novo* el trámite procesal, el expediente ante nos, los escritos de las partes, así como la normativa aplicable y concluimos que el foro primario no erró en su determinación. Nos explicamos.

Luego de evaluar la totalidad del expediente ante nos, colegimos que no existen controversias sobre los hechos medulares que impidan la disposición de la presente causa por la vía sumaria. El apelante alega que existe una controversia real sobre la cantidad de la deuda. Sin embargo, dicha alegación solo respalda la decisión del foro sentenciador. Ello, puesto que nuestro más alto foro ha sido claro al establecer que una reclamación judicial sobre cobro de dinero requiere que la deuda reclamada sea una líquida, vencida y exigible. En este caso, la deuda objeto de la reclamación no cumple con los requisitos de liquidez y exigibilidad. A saber, según el Requerimiento de Admisiones que se dio por admitido por el foro primario, y el Informe de CAJ presentado por las partes, se desprende que la deuda no está líquida ni exigible. Según dispuso correctamente el foro de instancia, es un hecho esencial y material estipulado, admitido y por tanto, probado e incontrovertible. O sea, que no existe controversia alguna sobre este hecho.

Cabe destacar que el referido Requerimiento de Admisiones no fue admitido sin dar oportunidad al apelante a cumplir con lo requerido. Sino que el foro primario lo dio por admitido luego de múltiples trámites por parte de la apelada, notificación oportuna del requerimiento a la parte contraria, y aun después del Tribunal emitir una Orden para dar un término adicional para la parte apelante contestar el Requerimiento. Orden que no cumplió.

Por otro lado, la parte apelante sostiene que la apelada aceptó que tiene una deuda. No obstante, este hecho, que también está incontrovertido, no subsana el requisito de que dicha deuda, además de estar vencida, debe ser líquida y exigible, para que el acreedor pueda instar una reclamación judicial sobre ella.

Luego de un estudio minucioso del expediente, no hay controversia de hechos materiales y, al aplicar el derecho vigente a los hechos, concluimos que fue correcta la desestimación de la presente reclamación judicial en contra de la parte apelada. En ese sentido, no se cometió el error señalado.

En virtud de lo anterior, colegimos que el Tribunal de Primera Instancia no erró al emitir la *Sentencia* declarando Ha Lugar la solicitud de sentencia sumaria promovida por la parte apelada. En fin, al evaluar concienzuda y ponderadamente *de novo* los eventos procesales al palio de la norma jurídica antes esbozada, coincidimos con la determinación del foro apelado.

**IV**

Por los fundamentos antes expuestos, confirmamos el dictamen apelado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones